559 P.2d 310

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dallas Ray STEVENS,
Defendant-Appellant.**

**No. 12124.**

Supreme Court of Idaho.

Jan. 26, 1977.

Wayne P. Fuller, of Brauner, Fuller, Doolittle & Radke, Caldwell, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction of first degree burglary and a sentence thereon to a term of 15 years in the penitentiary. The dispositive question presented is whether defendant voluntarily and understandingly entered a plea of guilty to the charge.

This Court has most recently reviewed standards for determination of whether a guilty plea was voluntarily, knowingly and intelligently made. In *State v. Colyer* (1976), 98 Idaho 32, 557 P.2d 626, it was held:

> "The record, including reasonable inferences drawn therefrom, must affirmatively show that the plea was voluntary, that the defendant waived the three constitutional rights, *and that he understood the consequences of pleading guilty."* (Emphasis supplied.)

Here, as in *Colyer,* the record is silent regarding any advice from the *court* re-

garding the consequences of a guilty plea, i. e., the maximum possible sentence. In *Colyer*, the record disclosed confusion on the part of counsel and the court regarding the possible maximum punishment which could have been imposed. Here, no such confusion appears to exist.

We pointed out in *Colyer* that while *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), would appear to have mandated that a record indicate that upon accepting a plea of guilty *the court* advised the defendant of certain rights, nevertheless, the subsequent cases of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), which were in the context of post-conviction relief, appear to require only that a defendant be advised of his rights and the consequences of his plea by some source not necessarily the court.

In the instant case the record demonstrates that the district judge before whom defendant appeared at arraignment engaged in a colloquy with the defendant in the course of which the defendant candidly and openly admitted the intent and the act of burglary. The record at several points demonstrates that defense counsel had engaged in extended conferences, explanations and advice to his client.

█ It is the crux of defendant's position that since the court did not advise the defendant of the possible consequences of his guilty plea and the record does not affirmatively demonstrate that defense counsel so advised his client, we must presume the defense counsel did not so advise his client and thus reverse the conviction. We do not so read *Colyer.* On the other hand, the State urges that since counsel was afforded the defendant at all stages, we must pre-

sume the competency of counsel and presume that he so advised his client. Likewise we must resist that temptation.

This case is here on direct appeal from the conviction and not by way of a post-conviction collateral attack. Hence, the record is less than complete for the purpose of determining the question at hand.

█ Again, there is demonstrated not only the desirability but the necessity of the development of an adequate record by the trial court to demonstrate conclusively the advice received by a defendant upon the acceptance of a plea of guilty.

█ Hence, we remand the cause to the district court for further proceedings in accordance with the following instructions. The trial judge is directed to hold an evidentiary hearing for the purpose of determining what advice, if any, the defendant was furnished regarding his rights as spelled out in *Colyer* and the possible consequences of his guilty plea. In the event that the trial court following such hearing shall find that the defendant was not advised of his rights and the possible consequences of his plea, the court shall vacate the judgment of conviction and the sentence imposed and allow the defendant to plea anew. In the event that the trial court shall find at the conclusion of the hearing that the defendant was advised of his rights as set forth in *Colyer* and of the consequences of his plea of guilty, the court shall forthwith forward a copy of such findings and conclusions of law to this Court.

It is so ordered.