570 P.2d 868

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Jesus Gonzalez BIRRUETA, aka Jesus Birrueta Gonzalez, Defendant-Appellant.**

**No. 12168.**

Supreme Court of Idaho.

Oct. 27, 1977.

Robert P. Tunnicliff, Moscow, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., William E. Little, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Jesus Gonzalez Birrueta was drinking in a bar in Marsing, Idaho on the evening of August 18, 1975. He had been drinking heavily all day. At about 1:00 a. m. he left the bar and walked out into the parking lot where he got into an argument, pulled out a pistol and shot and killed two men. He was arrested for murder and counsel was appointed.

Birrueta was given a preliminary hearing and bound over to district court. Upon arraignment in district court, the charge was reduced to second degree murder as the result of plea negotiations. Birrueta indicated an intention to plead guilty to the reduced charge.

Defendant is a Mexican-American with a second grade education who speaks little English. Initially the trial judge refused to accept the guilty plea because of the possible intoxication defense and because of communication problems. The judge attempted to explain the possible defenses to murder, including insanity and intoxication. Even though an interpreter was present, there was a great deal of difficulty in communicating effectively.

Despite the initial reluctance, the trial judge accepted the guilty plea at the continued arraignment on December 15, 1975. This was after defense counsel explained that Birrueta knew of the evidence against him and was afraid of the possibility of a first degree conviction and a death sentence.

He was sentenced on January 8, 1976. Birrueta filed this appeal on January 26, 1976, and was appointed a different counsel.[1]

On appeal, Birrueta asserted as error the acceptance of the guilty plea as being involuntary, without an understanding of the charge and without an understanding of his rights.

We have dealt with the attempted withdrawal of a guilty plea several times in recent years, the latest treatment being *State v. Thacker,* 98 Idaho 369, 564 P.2d 1278 (1977). In the case of *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976), we reviewed the standards for accepting guilty pleas and held:

"* * * the record, including reasonable inferences drawn therefrom, must affirmatively show that the plea was voluntary, that the defendant waived the three constitutional rights, and that he understood the consequences of pleading guilty." *Id.,* 557 P.2d at 629.

Specifically, the trial judge should:

"* * * inform the defendant that by pleading guilty he waives his right to a jury trial, he waives his right to confront witnesses, he waives his right against self-incrimination and he waives any defenses he may have to the charges." *Id.,* 557 P.2d at 630.

The state urges that *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), allows a defendant to enter a guilty plea while maintaining his innocence. While it is true that *Alford* allows a guilty plea in such circumstances, that plea must still be voluntarily, knowingly and intelligently entered.

In that case the evidence strongly detracted from any question of Alford's guilt. In fact, the evidence was so overwhelming against Alford that Justice Rehnquist doubted Alford's sincerity in protesting his innocence. *Id.* at 32, 91 S.Ct. 165.

In addition, it was evident that Alford understood very well the charge and his rights as a criminally accused. Alford had served six years of a ten-year sentence for murder, had been convicted nine times for armed robbery and had been convicted for transporting stolen goods, forgery and carrying a concealed weapon. Alford was clearly no newcomer to courts or the *"Miranda"* warning. *Id.* at 29, n. 4, 91 S.Ct. 163.

1. We note the record is devoid of any timely motion to withdraw his guilty plea.

The United States Supreme Court distinctly found that "the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea * * *." *Id.* at 29, n. 3, 91 S.Ct. at 163.

The record in the present case does not make such a showing. It is not clear that Birrueta understood the elements of the charge, the defenses available to him or his right against self-incrimination. Although the trial judge did a commendable job of explaining the effect of intoxication on guilt, it is important to note that Birrueta constantly denied having the intent to kill. He stated that he was drunk, did not know what he was doing and does not remember much from that night. As the trial judge recognized, the facts present a strong intoxication defense.

■ Intent to kill is an element of murder in the second degree. *State v. VanVlack*, 57 Idaho 316, 364, 65 P.2d 736, 758 (1937). Therefore, before Birrueta could have been proven guilty of second degree murder, the evidence would have to indicate he formed the requisite intent.

In *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the United States Supreme Court found a guilty plea involuntary where Morgan did not understand the intent requirement of second degree murder. It was held that Morgan could not intelligently admit to a crime "unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' [citation omitted.]" *Id.* at 645, 96 S.Ct. at 2257.

■ The same rule applies here. Although *Alford* makes it clear that a person can plead guilty while maintaining his innocence, other factors are important. It does not appear from the record that Birrueta knowingly and intelligently entered a guilty plea. Specifically it is not evident that he understood the crime to which he was pleading or waived his right against self-incrimination. It would be difficult to believe that Birrueta understood the crime he pleaded to when he consistently denied that he was guilty of all the elements of second degree murder. He may have a valid reason for claiming he lacked the intent to kill. In addition, the record does not indicate that the right against self-incrimination was ever explained to, understood or waived by Birrueta. As we stated in *Colyer*, those elements are essential for the acceptance of a guilty plea.

Reversed and remanded for further proceedings.