618 P.2d 774

STATE of Idaho, Plaintiff–Respondent,

v.

Jim Nolan CLEVERLY,
Defendant–Appellant.

No. 13008.

Supreme Court of Idaho.

Oct. 22, 1980.

Robert L. Crowley, Jr., Rigby, for defendant–appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Roy L. Eiguren, Deputy Attys. Gen., Boise, for plaintiff–respondent.

DONALDSON, Chief Justice.

This is an appeal from a conviction of a second degree murder and the imposition of a sixteen year sentence. We affirm.

Defendant–appellant Cleverly physically disciplined a three year old boy so severely that the child died. Pursuant to a plea bargain stipulation, of which the court was advised, Cleverly entered a plea of guilty in exchange for a recommendation by the prosecutor to the court for a sentence not to exceed sixteen years and, a promise that if the court adjudged a longer sentence, an opportunity to withdraw his plea. After the court's explanation that it retained sole control over sentencing, it accepted his plea and assured Cleverly that he would be allowed to withdraw his guilty plea if the sentence exceeded the plea bargain. Later at the sentencing hearing, the court sentenced Cleverly to twenty years and provided him two weeks in which to withdraw his plea. Such a motion was made. At the hearing to withdraw his plea, the prosecution and defense attorneys made a joint motion to modify the sentence. The court granted the motion reducing the sentence from twenty to sixteen years.

On appeal, Cleverly asserts that the plea agreement invaded the court's authority and improperly involved the court in plea negotiations. The court expressly retained control over the sentencing decision, informing the defendant that the recommended sixteen year term was not binding on the court. We hold it to be within a trial court's discretion to accept a plea bargain agreement such as was made here. See I.C. § 19–1714; I.C.R. 33(c); *State v. Jackson*, 96 Idaho 584, 532 P.2d 926 (1975); *State v. Lawrence*, 70 Idaho 422, 220 P.2d 380 (1950); *State v. Arnold*, 39 Idaho 589, 229 P. 748 (1924); *State v. Raponi*, 32 Idaho 368, 182 P. 855 (1919).

Cleverly also asserts that his plea of guilty was not voluntarily and understandingly made and therefore the due process requirement of the United States Constitution was violated. We disagree. *State v. Stevens*, 98 Idaho 131, 559 P.2d 310 (1977); *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). The requisites laid down in *Colyer* were met in the case at bar. An examination of the entire record, including all reasonable inferences to be drawn therefrom, show Cleverly's plea of guilty to have been entered intelligently, voluntarily, and knowingly.

Finally, Cleverly asserts that his attorney lacked authorization to withdraw his motion for withdrawal of his plea of guilty. However, Cleverly was present in court when his counsel withdrew the motion and made the motion for reduction of sentence and raised no objection at that time. Therefore, this assertion has no merit. Furthermore, since the record clearly indicates that Cleverly never withdrew his original guilty plea, his assertion that he should have been rearraigned also has no merit.

The judgment and sentence are affirmed.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.