828 P.2d 895

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Rankin LAVY, Defendant–Appellant.**

**No. 17921.**

Court of Appeals of Idaho.

March 5, 1991.

Rehearing Denied May 21, 1991.

Scott E. Fouser, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal by William Lavy from his judgment of conviction for manufacturing, and for possession of, controlled substances. The judgment was entered upon Lavy's pleas of guilty to the two charges. As explained below, we vacate the judgment and remand the case for reinstatement of Lavy's previous pleas of not guilty,

on the ground that the record does not show the pleas of guilty were tendered or accepted with full knowledge by Lavy of the waiver of his right against compulsory self-incrimination.

Pursuant to a plea bargain, William Lavy pled guilty to a charge of manufacturing a controlled substance, methamphetamine, and to a charge of possession of a controlled substance, cocaine. I.C. §§ 37–2732(a) and 37–2732(c). The state dismissed seven other felony charges and one misdemeanor offense relating to Lavy's alleged involvement with the manufacture, possession or delivery of controlled substances. The district court imposed unified sentences of twelve years, to be served concurrently and with minimum periods of confinement of four years on each charge. The court further ordered Lavy to pay court costs, a fine of $3000 and to reimburse the county for the services of his court-appointed counsel. Lavy filed a motion to reduce his sentences, within fourteen days after the judgment of conviction was entered, thus tolling the time to appeal from the judgment. I.A.R. 14. The motion was denied and Lavy timely filed a notice of appeal. While the appeal was pending, Lavy filed a motion to withdraw his pleas of guilty, a motion to commute his sentences to a jail term, and a motion for release on bond, pending this appeal. These motions also were denied by the district court.

On appeal, Lavy raises several issues. First, he contends his sentences are unduly harsh and constitute an abuse of the court's discretion. Second, he argues that the court erred in imposing a twelve-year unified sentence on the possession charge, because the maximum sentence permitted for simple possession of a controlled substance is three years. I.C. § 37–2732(a)(1)(A). Next, asserting that his pleas of guilty were not knowingly, voluntarily and intelligently entered, he challenges the court's refusal to allow him to withdraw his guilty pleas.[1] Finally, he questions the validity of his pleas with respect to the waiver of his right against self-incrimination. We find this latter issue dispositive. We hold that a reversible error exists with regard to the acceptance of Lavy's pleas inasmuch as the record fails to show that the right against self-incrimination was ever explained to, understood or waived by Lavy. As a result, we vacate the judgment of conviction with directions to reinstate Lavy's pleas of not guilty.

The record shows that, when Lavy's pleas of guilty to the charges were tendered, the district court interrogated him regarding the waiver of some—but not all—of his fundamental rights. The dialogue between Lavy and the court was as follows:

THE COURT: You understand that by pleading guilty you waive certain constitutional rights?

LAVY: Yes, Your Honor.

THE COURT: You have a right to a jury trial, you have a right to confront all witnesses called to testify against you. You have the right to cross-examine them under oath. You have a right to call your own witnesses, present evidence [sic] your own case. You have a right to subpoena any witnesses that you desire to present on your behalf. You have a right that the State must prove you guilty beyond a reasonable doubt. You have a right of presumption of innocence, and that presumption carries with you throughout the trial. Do you understand that by pleading guilty you waive all of those rights?

LAVY: Yes, sir.

---

1. In his motion to withdraw his pleas, Lavy contended that he had been informed by his counsel and by the prosecuting attorney that his negotiated pleas would include a recommendation by the state, to which the court would be bound, requiring the court to retain jurisdiction over Lavy's case for 120 days for the purpose of ultimately releasing him on probation. I.C. § 19–2601(4). Following hearing on the motion, the court concluded that Lavy's motion should be denied because, at the time Lavy entered his pleas, no representation had been made to the court that the prosecutor would make any sentencing recommendation and, upon inquiry by the court, Lavy had declared that the plea bargain entailed only a dismissal of other charges, in exchange for his pleas of guilty.

THE COURT: Do you understand that you waive any defenses you might have?

LAVY: Yes, I understand that.

THE COURT: Would you be pleading guilty to Count I which charges you with the manufacture of methamphetamine and Count IV which charges you with the possession of cocaine because you are in fact guilty of those two counts?

LAVY: Yes, sir, I am guilty.

THE COURT: The Court is satisfied that the change of plea is made voluntarily and freely without coercion, promises or threats. At this time, I will permit you to withdraw your not guilty pleas to Count I and Count IV and I will ask you, Mr. Lavy, how you plead to Count I that charges that on or about the 30th day of April, 1988, you manufactured a controlled substance to-wit: methamphetamine.

LAVY: Yes, sir, I am guilty of that.

THE COURT: I will ask you, Mr. Lavy, how you plead to Count IV which charges you with on or about the 30th day of April, 1988, you were in possession of a controlled substance, to-wit: cocaine, approximately .02 pounds.

LAVY: I'm guilty of that.

THE COURT: The Court will accept and direct the clerk to enter your pleas of guilty to Count I and Count IV of the Information. The Court will order a presentence investigation in this case and set this matter for sentencing on the 28th of November at 9:30 a.m.

 Notably absent from this dialogue is any reference to the right against self-incrimination which Lavy would enjoy during his prosecution by the state. Rule 11, I.C.R., provides in pertinent part:

Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

. . . . .

(3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, . . . .

This requirement in Rule 11 has its genesis in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), followed by our Supreme Court in *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). As provided in *Colyer*, whether a plea of guilty is voluntary and understood by the defendant requires a determination that the defendant knowingly and intelligently waived, among others, his right to refrain from incriminating himself. In *State v. Birrueta*, 98 Idaho 631, 570 P.2d 868 (1977), our Supreme Court addressed a similar situation involving waiver of the protection against self-incrimination upon a plea of guilty. The Court said: "In addition, the record does not indicate that the right against self-incrimination was ever explained to, understood or waived by Birrueta. As we stated in *Colyer*, those elements are essential for the acceptance of a guilty plea." 98 Idaho at 633, 570 P.2d at 870. *See also State v. Mesenbrink*, 115 Idaho 850, 771 P.2d 514 (1989). More recently, in *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 285 (1990), the Court recognized that where an explanation to the defendant of his rights which would be waived by a plea of guilty was given during the defendant's initial arraignment in the district court, the explanation need not be renewed at a later time when the defendant enters his plea of guilty. Nonetheless, the court must still determine—when the guilty plea is entered—that the defendant understood he would be waiving his rights. 117 Idaho at 295, 787 P.2d at 287.

In response to Lavy's assertion on this appeal that his pleas were invalid because the court failed to determine that Lavy understood he would be waiving his right against self-incrimination, the state contends that the question was not preserved for appeal inasmuch as Lavy did not raise the issue to the court below, and further, the record of Lavy's initial appearance before a magistrate in this case shows that Lavy was fully advised of his rights. We must reject each of these contentions.

 As to the first point, we note that this appeal was taken directly from the judgment entered in this case. The subse-

quent motion to withdraw Lavy's pleas, and the order denying that motion, were directed to the scope of the plea bargain, not to the validity of the pleas themselves. Evidently, the defect in the entry of the pleas was not discovered until new counsel—who had not represented Lavy in the proceedings before the district court—reviewed the transcript of the plea hearing for preparation of this appeal. We do not believe that the burden of assuring a defendant's plea is voluntarily, knowingly or intelligently entered lies with the defendant; instead, that burden rests with the court. When that burden has not been properly discharged, it need not be brought directly to the lower court's attention; rather, it is a subject which should be reviewable on a timely appeal from the judgment of conviction. *See, e.g., State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983); *State v. Cleverly,* 101 Idaho 596, 618 P.2d 774 (1980); *State v. Watson,* 99 Idaho 694, 587 P.2d 835 (1978); *State v. Peterson,* 98 Idaho 706, 571 P.2d 767 (1977); *State v. Birrueta, supra; State v. Colyer, supra.* Contrary to the state's urging, we consider it highly speculative to assume that a defendant, such as Lavy, who has no prior criminal record save traffic violations,[2] would be expected to know of the various requirements of Rule 11 relating to the entry of a valid plea of guilty and thus should be required to bring to the court's attention any defect—particularly of a constitutional nature—in the entry or acceptance of his guilty plea. *State v. Watson, supra.* We conclude that the question of the validity of Lavy's pleas properly is reviewable on direct appeal from his judgment of conviction.

We turn next to the state's contention that Lavy was advised of his rights, and the waiver thereof, at a time preceding his pleas of guilty. The state's argument in this regard is an extension of the Supreme Court's observation in *Carrasco* that an advisement of rights need not be renewed contemporaneously at the time a guilty plea is entered, if the defendant was informed of his rights when he initially ap-

peared before the district court. The state concedes the record in this case shows that the defendant was *not* advised of his right against self-incrimination when he was arraigned before the district judge; Lavy simply entered pleas of not guilty to all charges after the court had informed him of the nature of the charges and the maximum penalties for each offense. However, the state relies on Lavy's initial appearance in the magistrate division before Lavy was bound over to the district court to stand trial on the felony offenses. I.C. §§ 19–801, –804; I.C.R. 5 and 5.1. At that proceeding the magistrate explained Lavy's rights to him. Relating to the protection against self-incrimination, the magistrate told Lavy: "[N]ow, in all of these charges, in all stages of these proceedings, you have the right to remain silent. Anything you say may be used against you." The magistrate explained that Lavy could enter a plea of guilty or not guilty. He said that, if a plea of not guilty were entered, Lavy would have the right to a jury trial. He then reiterated that "At jury you—at trial you have the right to remain silent." The magistrate did not, however, explain that if Lavy pled guilty he would be waiving his right to remain silent or not to incriminate himself.

We have difficulty in two respects with adopting the state's suggestion that the magistrate's advisement of rights sufficed to make Lavy's pleas of guilty valid. First, we are not persuaded that the initial appearance before a magistrate should supplant the later proceeding in the district court, within *Carrasco. Carrasco* and *Colyer* make it clear, we think, that the record as it is developed in the district court—where the trial proceedings are to take place—must establish that a defendant has been made fully aware of the rights he will waive if he pleads guilty. Because the duty lies with the trial court to determine whether a plea of guilty is voluntarily, knowingly and intelligently entered by a defendant, we question whether part of that burden may be satisfied by a pro-

**2.** The record shows that, in addition to traffic offenses, Lavy did serve a day in jail in California in 1978 or 1979 for failing to appear on a citation for unlawful burning of trash.

ceeding conducted in a forum other than the actual court where the trial will take place and where the guilty plea—avoiding a trial—ultimately is proffered.[3]

More importantly, and we believe decisive of this question, there is no indication in the record before us that the district judge was even aware of the nature, scope or extent of any information or advice given by the magistrate to Lavy. Insofar as the record before us indicates,˙ the district court did not inquire of Lavy about any aspect of the proceedings before the magistrate. As noted earlier, Rule 11 requires—as a predicate to the acceptance of a guilty plea—that the record must show the defendant was advised of the waiver of his right against self-incrimination. This predicate is satisfied only if it is evident that the judge accepting the plea is aware of the extent of the record. Here, the record, as it existed before the district judge, did not show that Lavy was, or had been, *informed* his pleas of guilty would result in a waiver of the right against compulsory self-incrimination; that Lavy *understood* his pleas would waive this right; or that Lavy in fact *waived* the right against self-incrimination voluntarily, knowingly and intelligently when he pled guilty. As we noted earlier in quoting from the *Birrueta* case, those underlying elements are essential for the acceptance of a guilty plea. Because those essential elements are missing with respect to Lavy's guilty pleas, we hold that the pleas should not have been accepted by the district court.

Accordingly, the judgment of conviction based on Lavy's pleas of guilty must be set aside. We remand this case to the district court with directions to reinstate Lavy's pleas of not guilty to Counts I and IV of the Information. Further, because the pleas of guilty were entered as part of a plea bargain and because those pleas have been set aside due to Lavy's successful

challenge on this appeal, the previous plea bargain also must be deemed abrogated, allowing the state to refile the charges dismissed pursuant to the plea bargain. Finally, our disposition of this case on the grounds announced herein renders unnecessary any discussion of the other issues raised by Lavy with regard to the plea bargain and the reasonableness of his sentences.

SWANSTROM and SILAK, JJ., concur.

---

**3.** We note that in *State v. Watson*, 99 Idaho 694, 587 P.2d 835 (1978) and *State v. Stevens*, 98 Idaho 131, 559 P.2d 310 (1977), our Supreme Court recognized that the advice to a defendant of his rights may come from the defendant's attorney and not necessarily from the court. The Supreme Court remanded each of those cases to the district court to determine the extent of the advice given to each defendant by his attorney, bearing on the voluntariness of the defendant's plea of guilty. Here, there is no suggestion that Lavy was fully advised of his rights by his trial attorney.