828 P.2d 871

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Rankin LAVY, Defendant–Appellant.**

**No. 19462.**

Supreme Court of Idaho,
Boise, December 1991 Term.

March 26, 1992.

Gem County Public Defender's Office, Nampa, for defendant-appellant. Scott E. Fouser argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

BOYLE, Justice.

In the spring of 1988, William R. Lavy was arrested and charged with 1) manufacture of methamphetamine; 2) possession of .92 pounds of methamphetamine with intent to deliver; 3) possession of .04 pounds of methamphetamine; 4) frequenting a place where controlled substances are located; 5) possession of drug paraphernalia with intent to deliver; 6) possession of .02 pounds of cocaine; 7) possession of 1.2 pounds of cocaine with intent to deliver; 8) conspiracy to possess cocaine; 9) conspiracy to possess methamphetamine; and 10) conspiracy to manufacture methamphetamine.

Lavy subsequently plead guilty to one count of manufacture of a controlled substance and one count of possession of a controlled substance. At the time Lavy's guilty plea was entered, the district judge failed to specifically advise or discuss with Lavy that his plea of guilty would result in a waiver of his right against self-incrimination.

Lavy was sentenced to a fixed four year term followed by an indeterminate eight years for the manufacturing count, and a fixed four year term followed by an indeterminate eight years for the possession count. The sentences were to run concurrently. The sentence for the possession count was, however, clearly in excess of that provided by I.C. § 37–2732(c)(1) which provides for a maximum period of incarceration of three years.

Four months after the filing of his notice of appeal, Lavy filed a motion to withdraw his guilty plea asserting that pursuant to the plea arrangement the trial court would retain jurisdiction for 120 days and that the plea was entered pursuant to Rule 11 of the Idaho Criminal Rules. No mention was made at that time regarding the district court's failure to advise and inform Lavy of his right against self-incrimination.

On appeal, Lavy raises for the first time the fact that the district court failed to inform him of his constitutional right against self-incrimination. The Court of Appeals, 121 Idaho 866, 828 P.2d 895 (1991), ordered Lavy's pleas of guilty set aside and remanded the case with directions to reinstate his pleas of not guilty. We granted review.

I.

Lavy asserts for the first time on appeal that the trial court committed reversible error by failing to specifically advise him of his right against self-incrimina-

tion. Lavy has never asserted that he was prejudiced or mislead by this omission.

■ It is well established that issues not raised in the trial court cannot later be raised on appeal, *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991), unless the alleged error would constitute "fundamental error." *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *State v. White*, 97 Idaho 708, 551 P.2d 1344 (1976); *State v. Grob*, 107 Idaho 496, 690 P.2d 951 (Ct.App.1984). Fundamental error is error "which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (Idaho); *State v. Morris*, 116 Idaho 834, 780 P.2d 156 (Ct.App.1989); *State v. Koch*, 115 Idaho 176, 765 P.2d 687 (Ct.App.1988). A review of decisions that have considered a trial court's failure to specifically advise a defendant of his right against self-incrimination reveals that such an omission can constitute harmless error. *See United States v. Vallejo*, 476 F.2d 667 (3d Cir.1973); *United States v. Michaelson*, 552 F.2d 472 (2d Cir.1977); *United States v. Tursi*, 576 F.2d 396 (1st Cir.1978); *United States v. Caston*, 615 F.2d 1111 (5th Cir.1980); *United States v. Stead*, 746 F.2d 355 (6th Cir.1984). Accordingly, we hold that the trial court's failure to advise Lavy of his right against self-incrimination in this case does not rise to the level of fundamental error. Consequently, we decline to address the merits of this portion of Lavy's claim on appeal because he failed to raise this issue before the trial court.

## II.

■ Lavy also challenges the trial court's denial of his motion to withdraw his guilty plea. Lavy asserts that his plea was not knowingly, voluntarily or intelligently entered because he claims he was assured the plea was made pursuant to Rule 11 of the Idaho Criminal Rules and that the presiding judge would honor the terms of the plea bargain including accepting the recommendation of the prosecutor that the court sentence him for an indeterminate period and retain jurisdiction for 120 days.

■ The standard of review when reviewing a trial court's denial of a motion to withdraw a guilty plea is limited to the determination of whether the trial court exercised sound judicial discretion. *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990); *State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct.App.1987).

A motion to withdraw a guilty plea is governed by I.C.R. 33(c) which provides:

> (c) Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The stricter "manifest injustice" standard is deemed necessary to prevent an accused from pleading guilty to test the weight of potential punishment and then subsequently attempting to withdraw the plea if the sentence is too severe. *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990); *State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct. App.1987).

■ Accordingly, our responsibility on appeal is to examine the record before us and determine whether the trial court abused its sound discretion in determining that no manifest injustice would occur if Lavy was prohibited from withdrawing his plea.

The record demonstrates that in denying Lavy's motion to withdraw his guilty plea, the trial court reviewed the colloquy that initially took place between the court and the defendant at the time he entered his guilty plea.[1] The trial court noted that to

---

1. The following discussion took place at the time Lavy entered his guilty plea:

> THE COURT: Before I can permit you to withdraw your not guilty pleas and enter a plea of guilty, the court must satisfy itself this

is a free and voluntary act, that you are making this decision knowingly and that it is not as a result of any threats of promises. Do you feel this is a voluntary decision on your part?

> DEFENDANT LAVY: Yes, it is.

accept Lavy's contention regarding the terms of the alleged plea bargain would require the court to ignore the record and Lavy's own statements contained therein regarding the extent of the plea arrangement. The trial court rejected Lavy's contentions and determined that denying his motion to withdraw his guilty plea would not constitute a manifest injustice under the circumstances of this case.

After a thorough review of the record before us, we are satisfied that the trial court did not abuse its discretion in this regard and we affirm the trial court's denial of Lavy's motion to withdraw his guilty plea.

### III.

Lavy also challenges the sentences imposed by the trial court. Lavy was sentenced to fixed four year terms followed by indeterminate eight year terms for both counts.

### A.

■ The record reveals that the sentence imposed for the possession count was clearly in excess of that provided by I.C. § 37–2732(c)(1) which limits the period of confinement to a maximum of three years.

The record also reveals that Lavy raises the issue of his illegal sentence for the first time on appeal. Under the authority of our recent case of *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991), we decline to consider the issue because it is not properly before us.

We will not address on appeal a challenge to the legality of a sentence where the trial court was not given an opportunity to consider the issue....

I.C.R. 35 allows the trial court to correct an illegal sentence at any time, on the motion of either the defendant or the

state. If objection to the illegality of a sentence has not been otherwise raised before the trial court by either the state or the defendant, it may not be raised for the first time on appeal. The state or a defendant may challenge the legality of the sentence in the trial court under I.C.R. 35 and appeal from the trial court's ruling if necessary.

*Martin,* 119 Idaho at 579, 808 P.2d at 1324.

### B.

■ Lavy also challenges the sentence he received for the manufacturing count asserting it was overly severe and excessive. A motion to reduce a sentence pursuant to I.C.R. 35 is essentially a plea for leniency, and a decision thereon is vested in the sound discretion of the sentencing court. *State v. Martinez,* 113 Idaho 535, 746 P.2d 994 (1987); *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). The motion may be granted if the sentence originally imposed was for any reason unduly severe. *State v. Martinez,* 113 Idaho 535, 746 P.2d 994 (1987).

■ Our responsibility on appeal when considering the denial of a Rule 35 Motion for Reduction of Sentence is to examine the record before us, including evidence presented in connection with the motion, to determine whether the trial court abused its discretion in failing to grant the leniency requested, *see State v. Wright,* 114 Idaho 451, 757 P.2d 714 (Ct.App.1988); *State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987), and an abuse of discretion may be reflected if it is shown that the sentence is unreasonable in light of the facts of the case. *See State v. Fodge,* 121 Idaho 192, 824 P.2d 123 (1992); *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401

THE COURT: Have you been threatened or coerced to change your plea to a plea of guilty to any of these charges?
DEFENDANT LAVY: No.
THE COURT: Have any promises been made to you?
DEFENDANT LAVY: No.
THE COURT: Have there been any plea negotiations?

DEFENDANT LAVY: Yes, there have been.
THE COURT: What is your understanding concerning any plea negotiations?
DEFENDANT LAVY: If I plead guilty to two charges, the rest will be dropped.
THE COURT: That's it?
DEFENDANT LAVY: Yes.

(1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

After a careful review of the record, we are satisfied that the trial court did not abuse its discretion in this regard. The record indicates that the trial court took into consideration both the seriousness of Lavy's crimes and his unique background, including his education and lack of any criminal record.[2] Furthermore, the sentence for the manufacturing count clearly was within the maximum penalty permitted pursuant to I.C. § 37–2732(a)(1)(A). Consequently, we hold that the sentence imposed for the manufacturing count was not unreasonable under the facts of this case and that the trial court did not abuse its discretion in denying Lavy's plea for leniency.

## IV.

### Conclusion

In conclusion, we need not address Lavy's claim that the trial court committed reversible error by failing to advise him of his right against self-incrimination because that issue is not properly before us having been raised for the first time on appeal. Similarly, we will not address Lavy's challenge to his sentence for the possession count because this issue was also raised for the first time on appeal. We hold the trial court did not abuse its discretion in denying Lavy's motion to withdraw his guilty plea, nor in rejecting his plea for leniency pursuant to Rule 35.

Lavy raises other issues on appeal which we deem to be without merit.

Affirmed.

BAKES, C.J., and JOHNSON and McDEVITT, JJ. concur.

---

2. In response to Lavy's appeal for leniency the trial court stated the following:

> The problem in this case, the problem that Mr. Lavy is having trouble understanding, and the problem that counsel is having trouble understanding is the fact that he is a first offender.
>
> He has been sentenced to the penitentiary. I think the Defendant should know if he were not a first offender, he would have been sent to the penitentiary until he's an old man if he was not a first offender. I took that into account.
>
> I cannot conceive of a methamphetamine kitchen being treated as anything other than a very, very serious matter. Extremely serious. It carries a life penalty.

---

BISTLINE, Justice, dissenting.

The Court of Appeals was correct in its determination of *State v. Lavy*, 121 Idaho 866, 828 P.2d 895, filed March 5, 1991, and I incorporate that opinion in full as my dissenting opinion to the majority opinion of this Court:

This is an appeal by William Lavy from his judgment of conviction for manufacturing, and for possession of, controlled substances. The judgment was entered upon Lavy's pleas of guilty to the two charges. As explained below, we vacate the judgment and remand the case for reinstatement of Lavy's previous pleas of not guilty, on the ground that the record does not show the pleas of guilty were tendered or accepted with full knowledge by Lavy of the waiver of his right against compulsory self-incrimination.

Pursuant to a plea bargain, William Lavy pled guilty to a charge of manufacturing a controlled substance, methamphetamine, and to a charge of possession of a controlled substance, cocaine. I.C. §§ 37–2732(a) and 37–2732(c). The state dismissed seven other felony charges and one misdemeanor offense relating to Lavy's alleged involvement with, the manufacture, possession or delivery of controlled substances. The district court imposed unified sentences of twelve years, to be served concurrently and with minimum periods of confinement of four years on each charge. The court further ordered Lavy to pay court costs, a fine of $3000 and to reimburse the county for the services of his court-appointed counsel. Lavy filed a motion to reduce his sentences, within fourteen days after the judgment of conviction was entered, thus tolling the time to appeal from the judgment. I.A.R. 14. The motion was denied and Lavy timely filed a notice of appeal. While the appeal was pending, Lavy filed

a motion to withdraw his pleas of guilty, a motion to commute his sentences to a jail term, and a motion for release on bond, pending this appeal. These motions also were denied by the district court.

On appeal, Lavy raises several issues. First, he contends his sentences are unduly harsh and constitute an abuse of the court's discretion. Second, he argues that the court erred in imposing a twelve-year unified sentence on the possession charge, because the maximum sentence permitted for simple possession of a controlled substance is three years. I.C. § 37–2732(a)(1)(A). Next, asserting that his pleas of guilty were not knowingly, voluntarily and intelligently entered, he challenges the court's refusal to allow him to withdraw his guilty pleas.[3] Finally, he questions the validity of his pleas with respect to the waiver of his right against self-incrimination. We find this latter issue dispositive. We hold that a reversible error exists with regard to the acceptance of Lavy's pleas inasmuch as the record fails to show that the right against self-incrimination was ever explained to, understood or waived by Lavy. As a result, we vacate the judgment of conviction with directions to reinstate Lavy's pleas of not guilty.

The record shows that, when Lavy's pleas of guilty to the charges were tendered, the district court interrogated him regarding the waiver of some—but not all—of his fundamental rights. The dialogue between Lavy and the court was as follows:

> THE COURT: You understand that by pleading guilty you waive certain constitutional rights?
> LAVY: Yes, Your Honor.
> THE COURT: You have a right to a jury trial, you have a right to confront all witnesses called to testify against you. You have the right to cross-examine them under oath. You have a right to call your own witnesses, present evidence [sic] your own case. You have a right to subpoena any witnesses that you desire to present on your behalf. You have a tight that the State must prove you guilty beyond a reasonable doubt. You have a right of presumption of innocence, and that presumption carries with you throughout the trial. Do you understand that by pleading guilty you waive all of those rights?
> LAVY: Yes, sir.
> THE COURT: Do you understand that you waive any defenses you might have?
> LAVY: Yes, I understand that.
> THE COURT: Would you be pleading guilty to Count I which charges you with the manufacture of methamphetamine and Count IV which charges you with the possession of cocaine because you are in fact guilty of those two counts?
> LAVY: Yes, sir, I am guilty.
> THE COURT: The Court is satisfied that the change of plea is made voluntarily and freely without coercion, promises or threats. At this time, I will permit you to withdraw your not guilty pleas to Count I and Count IV and I will ask you, Mr. Lavy, how you plead to Count I that charges that on or about the 30th day of April, 1988, you manufactured a controlled substance to-wit: methamphetamine.
> LAVY: Yes, sir, I am guilty of that.
> THE COURT: I will ask you, Mr. Lavy, how you plead to Count IV which charges you with on or about the 30th day of April, 1988, you were

**3.** In his motion to withdraw his pleas, Lavy contended that he had been informed by his counsel and by the prosecuting attorney that his negotiated pleas would include a recommendation by the state, to which the court would be bound, requiring the court to retain jurisdiction over Lavy's case for 120 days for the purpose of ultimately releasing him on probation. I.C. § 19–2601(4). Following hearing on the motion, the court concluded that Lavy's motion should be denied because, at the time Lavy entered his pleas, no representation had been made to the court that the prosecutor would make any sentencing recommendation and, upon inquiry by the court, Lavy had declared that the plea bargain entailed only a dismissal of other charges, in exchange for his pleas of guilty.

in possession of a controlled substance, to-wit: cocaine, approximately .02 pounds.

LAVY: I'm guilty of that.

THE COURT: The Court will accept and direct the clerk to enter your pleas of guilty to Count I and Count IV of the Information. The Court will order a presentence investigation in this case and set this matter for sentencing on the 28th of November at 9:30 a.m.

Notably absent from this dialogue is any reference to the right against self-incrimination which Lavy would enjoy during his prosecution by the state. Rule 11, I.C.R., provides in pertinent part:

> Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:
>
> (3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination,

This requirement in Rule 11 has its genesis in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), followed by our Supreme Court in *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). As provided in *Colyer*, whether a plea of guilty is voluntary and understood by the defendant requires a determination that the defendant knowingly and intelligently waived, among others, his right to refrain from incriminating himself. In *State v. Birrueta*, 98 Idaho 631, 570 P.2d 868 (1977), our Supreme Court addressed a similar situation involving waiver of the protection against self-incrimination upon a plea of guilty. The Court said: 'In addition, the record does not indicate that the right against self-incrimination was ever explained to, understood or waived by Birrueta. As we stated in *Colyer*, those elements are essential for the acceptance of a guilty plea.' 98 Idaho at 633, 570 P.2d at 870. *See also State v. Mesenbrink*, 115 Idaho 850, 771 P.2d 514 (1989). More recently, in *State v. Carrasco*, 117 Idaho 295, 298, 787 P.2d 281, 285 (1990), the Court recognized that where an explanation to the defendant of

his rights which would be waived by a plea of guilty was given during the defendant's initial arraignment in the district court, the explanation need not be renewed at a later time when the defendant enters his plea of guilty. Nonetheless, the court must still determine—when the guilty plea is entered—that the defendant understood he would be waiving his rights. 117 Idaho at 295, 787 P.2d at 287.

In response to Lavy's assertion on this appeal that his pleas were invalid because the court failed to determine that Lavy understood he would be waiving his right against self-incrimination, the state contends that the question was not preserved for appeal inasmuch as Lavy did not raise the issue to the court below, and further, the record of Lavy's initial appearance before a magistrate in this case shows that Lavy was fully advised of his rights. We must reject each of these contentions.

As to the first point, we note that this appeal was taken directly from the judgment entered in this case. The subsequent motion to withdraw Lavy's pleas, and the order denying that motion, were directed to the scope of the plea bargain, not to the validity of the pleas themselves. Evidently, the defect in the entry of the pleas was not discovered until new counsel—who had not represented Lavy in the proceedings before the district court—reviewed the transcript of the plea hearing for preparation of this appeal. We do not believe that the burden of assuring a defendant's plea is voluntarily, knowingly or intelligently entered lies with the defendant; instead, that burden rests with the court. When that burden has not been properly discharged, it need not be brought directly to the lower court's attention; rather, it is a subject which should be reviewable on a timely appeal from the judgment of conviction. *See, e.g., State v. Coffin*, 104 Idaho 543, 661 P.2d 328 (1983); *State v. Cleverly*, 101 Idaho 596, 618 P.2d 774 (1980); *State v. Watson*, 99 Idaho 694, 587 P.2d 835 (1978); *State v. Peterson,*

98 Idaho 706, 571 P.2d 767 (1977); *State v. Birrueta, supra; State v. Colyer, supra.* Contrary to the state's urging, we consider it highly speculative to assume that a defendant, such as Lavy, who has no prior criminal record save traffic violations,[4] would be expected to know of the various requirements of Rule 11 relating to the entry of a valid plea of guilty and thus should be required to bring to the court's attention any defect—particularly of a constitutional nature—in the entry or acceptance of his guilty plea. *State v. Watson, supra.* We conclude that the question of the validity of Lavy's pleas properly is reviewable on direct appeal from his judgment of conviction.

We turn next to the state's contention that Lavy was advised of his rights, and the waiver thereof, at a time preceding his pleas of guilty. The state's argument in this regard is an extension of the Supreme Court's observation in *Carrasco* that an advisement of rights need not be renewed contemporaneously at the time a guilty plea is entered, if the defendant was informed of his rights when he initially appeared before the district court. The state concedes the record in this case shows that the defendant was *not* advised of his right against self-incrimination when he was arraigned before the district judge; Lavy simply entered pleas of not guilty to all charges after the court had informed him of the nature of the charges and the maximum penalties for each offense. However, the state relies on Lavy's initial appearance in the magistrate division before Lavy was bound over to the district court to stand trial on the felony offenses. I.C. §§ 19–801, –804; I.C.R. 5 and 5.1. At that proceeding the magistrate explained Lavy's rights to him. Relating to the protection against self-incrimination, the magistrate told Lavy: '[N]ow, in all of these charges, in all stages of these proceedings, you have the right to remain silent. Anything you say may be used against you.' The magistrate explained that Lavy could enter a plea of guilty or not guilty. He said that, if a plea of not guilty were entered, Lavy would have the right to a jury trial. He then reiterated that 'At jury you—at trial you have the right to remain silent.' The magistrate did not, however, explain that if Lavy pled guilty he would be waiving his right to remain silent or not to incriminate himself.

We have difficulty in two respects with adopting the state's suggestion that the magistrate's advisement of rights sufficed to make Lavy's pleas of guilty valid. First, we are not persuaded that the initial appearance before a magistrate should supplant the later proceeding in the district court, within *Carrasco. Carrasco* and *Colyer* make it clear, we think, that the record as it is developed in the district court—where the trial proceedings are to take place—must establish that a defendant has been made fully aware of the rights he will waive if he pleads guilty. Because the duty lies with the trial court to determine whether a plea of guilty -is voluntarily, knowingly and intelligently entered by a defendant, we question whether part of that burden may be satisfied by a proceeding conducted in a forum other than the actual court where the trial will take place and where the guilty plea—avoiding a trial—ultimately is proffered.[5] More importantly, and we believe decisive of this question, there is no indication in the record before us that the district judge was even aware of the nature, scope or extent of any information or advice given by the magistrate to Lavy. insofar as

---

**4.** The record shows that, in addition to traffic offenses, Lavy did serve a day in jail in California in 1978 or 1979 for failing to appear on a citation for unlawful burning of trash.

**5.** We note that in *State v. Watson,* 99 Idaho 694, 587 P.2d 835 (1978) and *State v. Stevens,* 98 Idaho 131, 559 P.2d 310 (1977), our Supreme Court recognized that the advice to a defendant of his rights may come from the defendant's attorney and not necessarily from the court. The Supreme Court remanded each of those cases to the district court to determine the extent of the advice given to each defendant by his attorney, bearing on the voluntariness of the defendant's plea of guilty. Here, there is no suggestion that Lavy was fully advised of his rights by his trial attorney.

the record before us indicates, the district court did not inquire of Lavy about any aspect of the proceedings before the magistrate. As noted earlier, Rule 11 requires—as a predicate to the acceptance of a guilty plea—that the record must show the defendant was advised of the waiver of his right against self-incrimination. This predicate is satisfied only if it is evident that the judge accepting the plea is aware of the extent of the record. Here, the record, as it existed before the district judge, did not show that Lavy was, or had been, *informed* his pleas of guilty would result in a waiver of the right against compulsory self-incrimination; that Lavy *understood* his pleas would waive this right; or that Lavy in fact *waived* the right against self-incrimination voluntarily, knowingly and intelligently when he pled guilty. As we noted earlier in quoting from the *Birrueta* case, those underlying elements are essential for the acceptance of a guilty plea. Because those essential elements are missing with respect to Lavy's guilty pleas, we hold that the pleas should not have been accepted by the district court.

Accordingly, the judgment of conviction based on Lavy's pleas of guilty must be set aside. We remand this case to the district court with directions to reinstate Lavy's pleas of not guilty to Counts I and IV of the Information. Further, because the pleas of guilty were entered as part of a plea bargain and because those pleas have been set aside due to Lavy's successful challenge on this appeal, the previous plea bargain also must be deemed abrogated, allowing the state to refile the charges dismissed pursuant to the plea bargain. Finally, our disposition of this case on the grounds announced herein renders unnecessary any discussion of the other issues raised by Lavy with regard to the plea bargain and the reasonableness of his sentences.

For the reasons set forth in the Court of Appeals' opinion, I respectfully dissent.