922 P.2d 1094

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark McCUTCHEON, Defendant–Appellant.**

No. 22482.

Court of Appeals of Idaho.

Aug. 27, 1996.

Timothy H. Gresback, Coeur d'Alene, for appellant.

Hon. Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

This case requires that we review the validity of a plea of guilty to a charge of driving without privileges. We affirm the judgment of conviction.

On December 29, 1994, Mark McCutcheon was cited for driving without privileges. I.C. § 18–8001. He pled guilty to that charge at his initial appearance in traffic court, and the magistrate entered a judgment of conviction. McCutcheon was sentenced to six months in the county jail. McCutcheon then appealed to the district court, claiming that the magistrate erred in accepting his guilty plea. The district court found that the magistrate had failed to inquire of McCutcheon whether a plea bargain existed and, hence, erred in accepting the plea. However, the district court held that such error was harmless and affirmed the judgment of conviction. McCutcheon appeals.

On appeal to this Court, McCutcheon claims that the magistrate failed to properly advise him prior to accepting his guilty plea. McCutcheon argues that, because the magistrate failed to inquire of him whether any plea agreement existed, the judgment of conviction should be set aside on appeal. I.C.R. 11(c)(5).[1] The state contends that any error that resulted from the magistrate's alleged omission was not fundamental error, and therefore, not properly a matter raised for the first time on appeal.

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bitt,* 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990); *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct. App.1993). Issues not raised before the trial court cannot later be raised on appeal unless the alleged error would constitute "fundamental error." *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Mauro,* 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). An error is fundamental when it so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process. *Lavy,* 121 Idaho at 844, 828 P.2d at 873; *Mauro,* 121 Idaho at 180, 824 P.2d at 111.

The voluntariness of the guilty plea and waiver is to be reasonably inferred from the record as a whole. *State v. Carrasco,* 117 Idaho 295, 300, 787 P.2d 281, 286 (1990); I.C.R. 11(c). It is well settled that the trial court is not specifically required to follow any prescribed litany or to enumerate rights which a defendant waives by pleading guilty, so long as the record as a whole, and all reasonable inferences drawn therefrom, show that the plea was voluntarily, knowingly and intelligently made. *Carrasco,* 117 Idaho at 300, 787 P.2d at 286, *citing State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976); I.C.R. 11.

Idaho Criminal Rule 11(c)(5) requires that, "where there is a plea agreement, the record must show 'the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.'" *Mauro,* 121 Idaho at 181, 824 P.2d at 112. The magistrate did not specifically inquire of McCutcheon as to the existence of a plea bargain. However, the record sufficiently indicates that no such

---

1. (c) Acceptance of plea of guilty. Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

. . . .

(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

agreement existed. Nothing in the record provides support for the existence of a plea agreement. McCutcheon has never claimed that he was promised a lesser or different sentence and is not attempting to enforce an alleged agreement that was somehow breached by the state. McCutcheon pled guilty at his initial appearance in traffic court. There is nothing in the record to indicate that McCutcheon had any contact with a prosecutor regarding the citation prior to entering his plea.

McCutcheon was informed prior to his appearance, that he had the right to seek a continuance, plead not guilty or guilty. He was further advised that by pleading guilty he waived numerous rights. The magistrate specifically asked McCutcheon if he realized that the court could impose a sentence of a $500 fine, up to six months in jail and an additional six-month driver's license suspension. McCutcheon answered in the affirma-

tive. The record indicates that McCutcheon was aware that he may receive the maximum penalty, and was, therefore, not under the impression that, as a result of a plea agreement with the prosecutor, he would receive a lesser sentence. If no agreement existed, further inquiry into the terms of the agreement was unnecessary. *See* I.C.R. 11(c)(5).

There was no reversible error by the magistrate in accepting McCutcheon's plea. Hence, the judgment of conviction is affirmed.

WALTERS, C.J., and LANSING, J., concur.