702 P.2d 900

**In the Interest of Kristian R. KINLEY, DOB: 10/04/64.**

**Kristian R. KINLEY, Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15480.**

Court of Appeals of Idaho.

July 1, 1985.

Mark A. Jackson, Kootenai County Deputy Public Defender, Coeur d'Alene, for appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, David G. High, Deputy Attys. Gen., Boise, for respondent.

BURNETT, Judge.

Two weeks before his eighteenth birthday, Kristian Kinley was accused, by a petition filed under the Youth Rehabilitation Act (YRA), of committing acts that would have been misdemeanors if committed by an adult. Kinley denied the accusation. After an evidentiary hearing, a magistrate found that Kinley had committed one of the acts alleged. Accordingly, the magistrate determined that Kinley was within the purview of the YRA. Kinley appealed to the district court, raising several issues related to denial of the right to counsel. The district court upheld the magistrate's adjudication. We reverse.

■ The pertinent facts are undisputed. When Kinley initially appeared before the magistrate, he had reached the age of eighteen years but was subject to continuing jurisdiction under the YRA. *See* I.C. § 16–1803. He was unaccompanied by counsel. He told the magistrate that he would waive his right to an attorney and that he would like to be tried as an adult before a jury. The magistrate informed Kinley that he could request waiver of YRA jurisdiction but that he should do so by a written motion. The magistrate further stated that she would give Kinley one week to file such a motion and to request an attorney if he decided he needed one. The magistrate also scheduled an evidentiary hearing on the petition two weeks hence, in the event that a motion to waive jurisdiction was not filed. Kinley filed a motion, but it was a few days tardy under the magistrate's one-week deadline and she denied it as untimely. Kinley then sought appointment of an attorney to represent him. During two days immediately prior to the scheduled evidentiary hearing, Kinley and his mother contacted the magistrate, and a second magistrate as well, seeking appointment of counsel. No appointment was made. When the hearing commenced, Kinley asked for a continuance and again requested the assistance of court-appointed counsel. The magistrate refused and proceeded with the hearing.

During a luncheon recess in the hearing, the second magistrate with whom Kinley and his mother earlier had spoken issued an order appointing the county public defender to represent Kinley. An attorney soon arrived. He spoke with Kinley and his mother for approximately fifteen minutes before court reconvened. The attorney immediately moved for a continuance in order to prepare Kinley's defense. The prosecuting attorney voiced no objection; indeed, he noted that counsel would need time to familiarize himself with the case. Nevertheless, the magistrate denied the motion for a continuance. When the hearing concluded, the magistrate entered an adjudication under the YRA and later ordered Kinley to spend ten days in jail. This appeal followed.

■ The foregoing facts illustrate a tension between an accused person's right to counsel and a judge's authority to expedite the flow of cases through his or her court. In YRA proceedings an accused is entitled to the assistance of counsel. I.C. § 16–1809A; Rule 3, Idaho Juvenile Rules. *See generally Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

On the other hand, a judge must control the court's calendar. A decision to grant or to deny a continuance rests within the judge's sound discretion. *State v. Ward*, 98 Idaho 571, 569 P.2d 916 (1977). However, such discretion is abused if denying a continuance results in abridgement of an accused's right to counsel. *State v. Brown*, 98 Idaho 209, 560 P.2d 880 (1977).

The district court, on appeal from the magistrate division, recognized this tension between Kinley's right to counsel and the magistrate's authority to determine when the case would be heard. The district judge wrote a scholarly opinion, nearly encyclopedic in scope, identifying the landmark authorities governing an accused's right to counsel and a court's power to grant or to deny continuances. The opinion deserves recognition as a standard reference work on these subjects. *See In the Interest of Kristian R. Kinley*, Kootenai County Case No. 2831, opinion filed March 27, 1984 (pages 69–92 of the clerk's record in the instant appeal). Nevertheless, we disagree with the district court's application of the law to the facts of this case. The court upheld the magistrate's adjudication upon three alternative grounds—that Kinley waived his right to counsel, that the magistrate appropriately balanced Kinley's interest in obtaining the assistance of counsel against the public's interest in prompt justice, and that Kinley demonstrated no prejudice from the denial of a continuance to prepare his defense. We will examine each point in turn.

■ Rule 3(c), Idaho Juvenile Rules, provides that any waiver of the right to counsel by an accused in a YRA proceeding must be "intelligent." This term appears to embody the constitutional principle that a waiver of counsel is invalid unless it is made knowingly, intelligently and voluntarily. *E.g., Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In addition, Rule 3(c) requires a waiver to be accompanied by a magistrate's determination "that the best interest of the child does not require the appointment of counsel." In our view, neither of these criteria has been satisfied in the present case. Although Kinley initially told the magistrate he would waive his right to counsel, he made this statement when expressing a preference for trial as an adult where he could present his defense to a jury. When the magistrate later denied his written motion for waiver of YRA jurisdiction, Kinley and his mother actively sought the appointment of counsel. We find it doubtful that a waiver occurred upon these facts. In any event, we do not believe that any such waiver could be characterized as knowing, intelligent and voluntary. Moreover, the record on appeal contains no finding by the magistrate that a waiver would be in Kinley's "best interest." We hold that Kinley's right to counsel was not waived.

An accused's right to counsel does not wholly displace the judicial objective of effective court management. But a judge must recognize the fundamental importance of the right to counsel when deciding whether to grant a continuance in order to allow an attorney to prepare the accused's defense. The following observations, although directed toward a continuance for the purpose of retaining counsel, are instructive with respect to a continuance sought by court-appointed counsel in order to prepare the defense:

When a defendant's chosen counsel represents that he cannot meet a set trial date and requests a continuance, a trial court considering such a request must be sensitive to the defendant's right to counsel of his choice, as well as the public's interest in prompt and efficient administration of justice. If the court finds that the delay is an attempt to manipulate a trial, or causes prejudice to the prosecution, or creates difficulties for the trial court, the trial court may interfere with the defendant's right to counsel of his own choice and require the case to proceed. On the other hand, where the request is reasonable, where there have been no prior adjournments, where the length of delay is moderate, and where the adjournment seems to be for legitimate reasons, the court should allow a

reasonable adjournment to permit a defendant to have retained counsel of his own choice.

*Linton v. Perini,* 656 F.2d 207, 209 (6th Cir.1981).

Our Supreme Court has expressed a similar sentiment. In *State v. Brown, supra,* the Court noted that "a defendant may not indefinitely postpone trial or sentencing by continually changing counsel or arriving for hearings unrepresented by counsel." 98 Idaho at 212, 560 P.2d at 883. But absent a showing of such circumstances, the Court held that a defendant is entitled to a reasonable continuance for the purpose of obtaining counsel.

■ Here, the record contains no showing that Kinley sought indefinitely to postpone the evidentiary hearing on the YRA petition, nor that he was "continually changing counsel or arriving for hearings unrepresented by counsel." Neither does the record indicate that a continuance would have caused undue difficulty for the magistrate or prejudice to the prosecutor. Rather, as noted, the prosecutor made no objection to the continuance sought by counsel after the luncheon recess. We hold that the magistrate abused her discretion by refusing to continue the hearing so counsel could prepare a defense for the accused.

The record reveals that the appointed attorney, who was a stranger to Kinley and who knew nothing about the case prior to appointment, played a largely passive role in that part of the evidentiary hearing which followed denial of the attorney's motion for a continuance. The principal burden of the defense was borne by Kinley himself. Moreover, the attorney played no role at all in the earlier portion of the hearing conducted before he was appointed and after Kinley's own motion for a continuance had been denied.

■ Under these circumstances, we view this case as one in which counsel has been denied, not simply as one where the effectiveness of counsel is questioned. In the latter type of case, an accused must show not only the ineffectiveness of counsel but also the reasonable probability of a different result if counsel had been effective. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If the instant case fell in that category, we might sustain the district judge's ruling that Kinley has failed to make, on this record, the requisite showing of prejudice.

■ However, where—as here—the attorney has been deprived of a realistic opportunity to assist his client, the issue is not one of ineffective counsel. It is one of counsel denied. *See, e.g., Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) (right to counsel held denied where attorney was not appointed until the morning of trial). The right to counsel is so basic to our notions of fair trial and due process that denial of the right is never treated as harmless error. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Such denial requires reversal of a conviction—or, as in this case, setting aside an adjudication under the YRA—and a remand for further proceedings in which counsel is timely provided. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Consequently, we hold that Kinley was not required to demonstrate prejudice on the record. The district court's inquiry concerning prejudice, albeit thoughtful and articulate, was inapposite to this type of case.

We conclude that Kinley was denied his right to counsel. The decision of the district court, upholding the magistrate's adjudication under the YRA, is reversed and the case is remanded. The district court is instructed to remand the case further to the magistrate division with direction to set aside the adjudication and to conduct further proceedings, if any are deemed appropriate, in accordance with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.