732 P.2d 329

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael Eugene WUTHRICH, Defendant-Appellant.**

No. 15783.

Court of Appeals of Idaho.

Nov. 25, 1986.

Addendum Jan. 13, 1987.

Daniel P. Featherston, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Michael Wuthrich stands convicted by a jury of lewd and lascivious conduct with a minor. On appeal he asks us to set aside the judgment because he was not represented by counsel at the outset of his preliminary hearing. Our review encompasses two issues: (1) Did the magistrate err by starting the preliminary hearing without counsel present? (2) Was the error rendered harmless by subsequently affording Wuthrich an opportunity to obtain an attorney? For reasons set forth below, we answer both questions affirmatively and we uphold the judgment of conviction.

I

■ We preface our analysis by noting that Wuthrich has raised no issue pertaining directly to the trial at which he was found guilty. Where the fairness of a trial is uncontested, some errors at a preliminary hearing may not be justiciable on appeal. Thus, in *State v. Mitchell*, 104 Idaho 493, 660 P.2d 1336 (1983), *cert. denied*, 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983), the Idaho Supreme Court held that the sufficiency of evidence to support a probable cause determination at a preliminary hearing may not be attacked after a fair trial has produced a conviction. However, unlike the quantum of evidence adduced at a preliminary hearing, the denial of an accused's right to counsel may affect the eventual fairness of the trial. It is clear that the preliminary hearing is a "critical stage" of the criminal justice process. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). In *Coleman*, Justice Brennan noted the relationship between counsel's role at a preliminary hearing and the fairness of a trial:

> Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the state's case that may lead the magistrate to refuse to bind the accused over. Second, ... the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use ... at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the state has against his client and make possible the preparation of a proper defense.... Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

*Id.* at 9, 90 S.Ct. at 2003. Accordingly, we will treat denial of counsel at a preliminary hearing as a justiciable issue on appeal from a judgment of conviction.

■ In order to assure the effective assistance of counsel as required by the Sixth Amendment, the state should provide counsel at the earliest feasible time after the accused is taken into custody. Task Force on Providing Services, *Providing Defense Services*, 1 A.B.A. STANDARDS FOR CRIMINAL JUSTICE § 5–5.1 (1979).

The right to counsel embraces all critical stages of the criminal justice process after commencement of adversarial criminal proceedings against the accused.[1] *State v. Powers*, 96 Idaho 833, 537 P.2d 1369 (1975); *State v. Blevins*, 108 Idaho 239, 697 P.2d 1253 (Ct.App.1985). Because the preliminary hearing is a critical stage, the absence of an attorney will be excused only where the accused knowingly and intelligently has waived his right to counsel. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Ebersole v. State*, 91 Idaho 630, 428 P.2d 947 (1967); *State v. Blevins, supra.* Rule 44(a), I.C.R., contains a similar requirement: "Every defendant, who according to law is entitled to appointed counsel, shall have counsel assigned to represent him, from his initial appearance before the magistrate or district court, *unless he waives such appointment.*" [Emphasis added.]

■ Whether a waiver has been made knowingly and intelligently is a factual question. It turns largely upon the accused's state of mind. However, because the question possesses great constitutional significance, it requires independent review on appeal. *State v. Blevins, supra.* In this case, when the preliminary hearing was convened, the following dialogue took place between the magistrate and Wuthrich:

THE COURT: Well, Mr. Wuthrich keeping in mind that you have a right to remain silent, I want to talk to you about whether you are an indigent person, have you endeavored on your own behalf to hire an (sic) lawyer?

MR. WUTHRICH: No sir. I did not want to bring any financial difficulties to the wife and the child or the part of the family that might have to help her out.

THE COURT: Of course now this is the time set for the Preliminary Hearing.

The prosecutor has advised me that he is prepared to go ahead, is that true, Mr. Robinson, at this time?

MR. ROBINSON [PROSECUTOR]: Your Honor, the victim and her family are here. We can proceed.

THE COURT: Do you wish to proceed at this time or do you wish a continuance for the purpose of obtaining counsel? Keep in mind that you had some time to do that?

MR. WUTHRICH: I would like to amend this problem as soon as possible, sir. I think everybody has had enough.

THE COURT: I'm not sure that I understood what you said.

MR. WUTHRICH: I would like to get this over with.

THE COURT: You wish the preliminary hearing at this time?

MR. WUTHRICH: Okay.

THE COURT: Well, I want to make sure that that's a rational statement.

MR. WUTHRICH: Sir, it's very rational. I would like to proceed to get this out of our lives completely, if you'll forgive me.

THE COURT: Do you even wish a preliminary hearing or would you prefer to waive a preliminary hearing or would you prefer to talk to a lawyer first, that's my question.

MR. WUTHRICH: I would not like to, *I don't know about talking with a lawyer.* I would like to get this off of, out of me, off my family's neck so that perhaps if there's light at the end of the tunnel then we can work on that.

THE COURT: Again ...

MR. WUTHRICH: I've suffered enough, excuse me.

THE COURT: Again, do you wish to waive a preliminary hearing, do you wish a preliminary hearing?

---

1. Idaho Code § 19–853, as in effect when Wuthrich was arrested, required that an accused person in custody be clearly informed of his right to counsel. Subsection (b) further provided:
 · (b) Upon commencement of any later judicial proceeding relating to the same matter, *including, but not limited to, preliminary hear-*

*ing,* arraignment, trial, or any post-conviction proceeding, the presiding officer shall clearly inform the person so detained or charged of his right to counsel and of the right of a needy person to be represented by an attorney at public expense. [Emphasis ours.]

MR. WUTHRICH: Yes, waive the preliminary hearing.

THE COURT: And be bound over to the District Court. Now, that's the court that would have the jurisdiction to try the case. I do not. I explained that to you.

MR. WUTHRICH: Whatever's necessary in the court's eyes or the family's eyes. Whatever they wish is what I'm here for.

THE COURT: But I do want you to understand that you do have the right to a preliminary hearing, if you chose [sic] to have one. Do you remember what I told you about a preliminary hearing, it's to determine whether or not there is probable cause that the offense with which you are charged was committed and probable cause that you committed it. Now, that is not a determination of whether or not you would be guilty. It is simply a probable cause hearing. If it is determined that there is probable cause, you would be bound over or held for trial in the District Court which is the trial court for felonies. If it is determined that there is not probable cause, the case would be dismissed. Do you understand that?

MR. WUTHRICH: I would like to be—I would like to have a preliminary then.

THE COURT: Alright, then we will proceed. [Emphasis added.]

■ Upon this record, we deem it clear that Wuthrich was confused about whether he wanted a preliminary hearing and was wholly unclear as to whether he would waive counsel at such a hearing. The presumption is against waiver; it must be affirmatively shown. *State v. Blevins, supra.* In our view, the state has not met its burden of showing that Wuthrich knowingly and intelligently waived his right to counsel. We hold that the magistrate erred by electing to proceed. The hearing should have been continued at the outset in order to afford Wuthrich an opportunity to obtain counsel.

## II

■ The next question is whether this error mandates reversal. Unless an error affects the substantial rights of the defendant, it affords no occasion to disturb a judgment of conviction. I.C.R. 52. The error will be deemed harmless. In *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court held that denial of counsel *at trial* never should be treated as harmless error. *Accord, In the Interest of Kinley,* 108 Idaho 862, 702 P.2d 900 (Ct.App.1985). However, the Supreme Court later held that denial of counsel at a *preliminary hearing* could be subjected to a harmless error inquiry. *Coleman v. Alabama, supra.* The inquiry is governed by a standard of reasonable doubt. *Chapman v. California, supra.* We will hold the error harmless only if we are satisfied beyond a reasonable doubt that it did not affect the result of the trial. *E.g., State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981), *cert. denied,* 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595.

■ In this case, during the preliminary hearing, Wuthrich endeavored ineffectively to cross-examine witnesses, including the victim. At various junctures in the hearing he made inappropriate and self-defeating remarks. When Wuthrich's inability to represent himself became obvious to the magistrate, the hearing was suspended and continued to another date.[2] Wuthrich was represented by counsel when the hearing resumed. Additional opportunity to cross-examine the victim was provided. Furthermore, the state did not rely at trial on

---

**2.** Wuthrich has suggested that the continuance impermissibly delayed his preliminary hearing beyond the time limit imposed by I.C.R. 5.1. The rule provides that a preliminary hearing must be "held" not later than fourteen days following the defendant's request for a hearing if the defendant is in custody, and in any event not later than twenty-one days following such request. We find nothing in the rule requiring a preliminary hearing to be *completed* within the specified time. Moreover, the rule authorizes a continuance for good cause if the defendant consents. The continuance here was for good cause, and Wuthrich consented.

testimony given at the preliminary hearing. All witnesses called at the preliminary hearing testified afresh at the trial.

▮ The state's case was strong. The testimony of the state's witnesses was uncontradicted except by Wuthrich himself. We do not find, and Wuthrich has not identified, any evidence that he could have challenged more successfully at trial if counsel had been made available at the outset of the preliminary hearing. Accordingly, we are convinced beyond a reasonable doubt that the result of the trial would have been the same. We conclude that the initial lack of counsel at the preliminary hearing was harmless error.

The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

### ADDENDUM

On Denial Of Petition For Rehearing

▮ Our opinion states that when the preliminary hearing was continued, Wuthrich had an "[a]dditional opportunity to cross-examine the victim...." In a petition for rehearing, Wuthrich now argues that no such "opportunity" existed because the prosecutor did not recall the victim as a witness when the hearing resumed. The argument is ill-founded. Wuthrich's opportunity for additional cross-examination did not depend upon actions of the prosecutor. Wuthrich could have secured the child's attendance by court order. He did not seek to do so. Moreover, several weeks had elapsed between suspension and resumption of the preliminary hearing. During the interim, a record of the child's earlier testimony could have been used to prepare cross-examination.

In any event, Wuthrich's petition does not address the basic infirmity of his appeal. The record contains no particularized basis for holding that events at the preliminary hearing reasonably could have affected his defense at trial. Accordingly, the petition for rehearing is denied.

WALTERS, C.J., and SWANSTROM, J., concur.