780 P.2d 156

STATE of Idaho, Plaintiff–Respondent,

v.

Douglas W. MORRIS, Defendant–Appellant.

No. 17747.

Court of Appeals of Idaho.

Sept. 26, 1989.

Terry S. Ratliff, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal by Douglas W. Morris from his conviction for robbery, I.C. § 18–6501, following a jury trial. The sole issue on appeal concerns the victim's in-court identification of Morris as the robber, when, prior to trial, the victim had identified Morris from his pictures in a series of photographic lineups. We affirm.

Morris was charged with the April 7, 1988, robbery of the Foothills Motor Inn in Elmore County. The victim, a clerk on duty at the motel, testified that a man entered the motel office at about 3:50 a.m. and demanded money. The clerk gave him $132 and the robber fled. The clerk immediately called the police. Police arrived at the motel and began searching the area. The clerk told the officers that the robber was wearing an orange stocking cap and a blue-gray jacket. One officer left the motel to conduct a search of the area and a short distance down the highway found an orange stocking cap in the road. He turned onto another road and found a blue-gray jacket on the side of the road. The officer picked up these items and returned to the motel, where the clerk recognized the items as similar to those worn by the robber. Later, Morris' fingerprint was found on a pair of sunglasses in the jacket pocket. During the same search of the area, the officers also found a maroon GMC Sprint vehicle. The vehicle was unoccupied but its engine compartment was still warm from recently being driven. Evidently, the vehicle had transmission problems. Some loose currency in denominations like those taken in the robbery was found in and near the vehicle. Upon a records check, the police found that the vehicle was registered to Douglas Morris.

Officers showed the clerk three different photo lineups over the next few days. The first lineup was about five hours after the robbery, the second was the following day, and the third was four days after the robbery. The lineups consisted of six photographs of different individuals each time (a total of eighteen photographs), except that each of the three sets contained one photograph of Morris; however, different photographs of Morris were used in each lineup. Although the clerk had described the robber as clean-shaven, the only photos of Morris available for the first two photo lineups showed Morris with a mustache. Similarly, all other individuals in those two lineups wore mustaches. The clerk picked Morris' photo in each of those lineups; however, she was not "100 percent certain" because the robber did not have a mustache. The third lineup was composed of photos of men without mustaches, including one recently taken of Morris. The clerk selected the photo of Morris from that lineup without hesitation. There is no indication in the record that the source of Morris' photos was ever disclosed to the victim of the robbery.[1]

During trial, the clerk made an in-court identification of Morris as the robber. The jury found Morris guilty of the robbery. After he was sentenced to prison, he filed this appeal.

The sole issue for determination in this appeal is whether the photographic

---

1. The trial court was not presented with a motion to suppress or objection to the identification, and the source of these photographs was not directly established. As near as we can determine from the record before us, the first photograph of Morris came from his driver's license, and the third was taken of him by the police after he was arrested in this case, two days following the robbery. The source of the second photograph is unclear.

lineups presented to the motel clerk improperly prejudiced and influenced the clerk's ability to identify Morris as the robber.[2] Before discussing this issue on its merits, we are faced with the threshold inquiry whether the issue is reviewable on appeal because no motion to suppress or objection to the evidence was made at the trial level. Ordinarily, the failure to move to suppress evidence prior to trial pursuant to I.C.R. 12(b)(3) and the failure to object to its admission would prevent us from addressing the issue on appeal. *State v. Kay*, 108 Idaho 661, 701 P.2d 281 (Ct.App. 1985). However, where a fundamental error has been committed in a criminal trial, this court may consider it even though no objection was made before the trial court. *Id.* "Fundamental error" is one which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process. *State v. Koch*, 115 Idaho 176, 765 P.2d 687 (Ct.App.1988). In *State v. Kay, supra*, we decided to examine the lineup procedure used in that prosecution to determine whether fundamental error had occurred, even though the trial court was never presented with a timely motion or objection which could have given that court the opportunity to avoid unfairness to the defendant at trial. *Accord, Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). We likewise will entertain the issue in this case.

We recently stated the standard for examining the nexus between a pretrial lineup procedure and a later, in-court identification of an accused. We said:

> Generally speaking, due process requires the suppression of an eyewitness identification obtained as a result of confrontations "so unnecessarily sugges-

tive" that they are "conducive to irreparable mistaken identification." *Neil v. Biggers*, 409 U.S. 188, 196, 93 S.Ct. 375, 380, 34 L.Ed.2d 401 (1972) (quoting *Stovall v. Denno*, 388 U.S. 293, 301–02, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). Suggestiveness, in turn, is determined according to the totality of the circumstances. *Id. See also State v. Hoisington*, 104 Idaho 153, 657 P.2d 17 (1983).

*State v. Alger*, 115 Idaho 42, 44, 764 P.2d 119, 121 (Ct.App.1988) (review denied).

In each of the three photographic lineups, the police carefully selected photographs of five individuals other than Morris, showing men with physical descriptions, characteristics, approximate ages and style, length and color of hair similar to each of the photos of Morris. As noted, in the first two lineups all photographs showed men with mustaches, in the third lineup none of them wore mustaches. Different photographs of Morris were used in each of the lineups and his photos were not placed in the same sequence in each set, with respect to the other individuals' photographs. The victim was never presented solely with a photograph of Morris, nor did the police make any comments or suggestions to the clerk, when she looked at any particular photographic display, as to which photograph to choose. Under the totality of the circumstances, there is no basis in the record for concluding that the photo lineups were impermissibly suggestive to the extent that there was a very substantial likelihood of misidentification. *State v. Crawford*, 99 Idaho 87, 577 P.2d 1135 (1978); *State v. Kay, supra*. We conclude that the lineups were fairly conducted and that Morris was not denied due process of law.[3] The identification was properly

---

**2.** Initially, Morris also raised as an appellate issue the question whether he had received effective assistance of counsel during his trial. However, he withdrew the issue while this appeal was pending, in order to pursue that claim in a post-conviction relief proceeding in which a fuller record could be developed and without incurring *res judicata* consequences resulting from this direct appeal. *See e.g., Kraft v. State*, 100 Idaho 671, 603 P.2d 1005 (1979) and *State v.*

*Darbin*, 109 Idaho 516, 708 P.2d 921 (Ct.App. 1985).

**3.** Consequently, we do not reach the second stage of a due process inquiry, i.e., determining whether the identification was nonetheless reliable where the identification procedure has been found to be suggestive. *State v. Hoisington*, 104 Idaho 153, 657 P.2d 17 (1983); *State v. Alger*, 115 Idaho 42, 764 P.2d 119 (Ct.App.1988) (review denied).

presented to the jury along with the background facts. The jurors were entitled to accord the evidence whatever weight they deemed appropriate. Manson v. Brathwaite, *supra.*

Having found no error on the identification issue, we affirm the judgment of conviction.

SWANSTROM, J., and WESTON, J. Pro Tem., concur.