832 P.2d 337

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lauron E. SMITH, Defendant–Appellant.**

No. 18777.

Court of Appeals of Idaho.

May 6, 1992.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant. Timothy L. Hansen argued.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael A. Henderson argued.

SILAK, Judge.

Lauron E. Smith pled guilty to grand theft by possession of stolen property, I.C. §§ 18–2403(4) and 18–2407. At the arraignment, Smith informed the court that he wished to proceed *pro se*. The district court required Smith to speak with a public defender before accepting his request to waive counsel. After informing Smith of the nature of the charges against him and the possible penalties, the district court accepted Smith's waiver of counsel. Smith entered a plea of guilty. Smith continued to represent himself at the sentencing hearing. The court imposed a five-year sentence with two years' minimum confinement, but retained jurisdiction for 180 days. The court ultimately relinquished jurisdiction. After Smith was sentenced, but before the court relinquished jurisdiction, Smith requested that a public defender be appointed to represent him. Through his attorney, Smith filed a Rule 35 motion which the district court denied.

Smith timely appealed, seeking review of the judgment and sentence, the order relinquishing jurisdiction, and the order denying his Rule 35 motion. He argues that: (1) he did not knowingly waive his right to counsel, (2) that the district court abused its discretion in imposing his sentence, (3) that the district court abused its discretion by relinquishing jurisdiction, and (4) that the district court abused its discretion by denying his Rule 35 motion. We conclude that Smith was afforded representation by counsel at the arraignment. We also conclude that any error relating to the waiver of counsel is harmless error beyond a rea-

sonable doubt. We further conclude that the district court acted within the bounds of its discretion when it imposed sentence, relinquished jurisdiction, and when it denied Smith's Rule 35 motion. Accordingly, we affirm the judgment and orders challenged on appeal.

## I. FACTS AND PROCEDURAL BACKGROUND

The facts of the case are as follows. The state charged Smith with three crimes: grand theft by possession of stolen property, a felony, I.C. §§ 18–2403(4) and 18–2407; operating a motor vehicle while under the influence of alcohol, a misdemeanor, I.C. § 18–8004; and driving without a license, also a misdemeanor, I.C. § 49–316. At the arraignment, Smith indicated that he wished to proceed without an attorney. He also told the district court that he had a very limited education. The court advised Smith that it would be unwise to proceed without an attorney and insisted that Smith discuss his case with a member of the public defender's office who happened to be in the courthouse at that time.[1] The district court did not inform Smith that he had the right to a court-appointed attorney free of charge if he was unable to afford an attorney of his own choosing.

The district court recessed for a few minutes while Smith spoke with a public defender. There is no record of what was said during the conversation, though Smith did state that he was satisfied with the information he obtained in the conversation. After the conversation had taken place, Smith again told the district court that he wished to represent himself.

The district court explained to Smith the rights he would have if he pled not guilty and the rights he would give up if he pled guilty. The district judge also informed Smith that he had a right to appeal from the decision of the district court, that he had the right to be represented by an attorney in the appeal, and that the cost of the appeal would be at public expense if Smith were indigent. After explaining these rights to Smith, the court asked him if he wanted any extra time to decide how he wanted to plead. Smith indicated that he did not need any additional time to make his decision.

Smith then informed the district court that he wished to enter a plea of guilty to the charge of grand theft by possession of stolen property. He also stated that the

---

1. The following discussion between the district court and the defendant took place on the record:

 THE COURT: Well, I don't know that it would be any longer to have an attorney. I would at least have you consult an attorney before I go further. Mr. Cahill is a very competent public defender. At least I'd feel much more comfortable if you would talk to him about this for a few minutes.

 THE DEFENDANT: I don't see where attorneys—that's going to help me out. Your Honor, it's up to you to get, you know—for what I did. I did this for only one reason.

 THE COURT: That's one of the reasons I don't want to get into those things; I would feel much more comfortable. I doubt if you're skilled in the law. And I could go through a great deal of reasons.

 But, I think a man should have an attorney so that somebody could tell you your rights and where you stand.

 THE DEFENDANT: I'm familiar with all the rights, Your Honor, yes.

 THE COURT: Did you ever talk to an attorney?

 THE DEFENDANT: No. I'm sure I don't need to talk to an attorney to tell me I'm guilty for receiving a stolen truck, Your Honor.

 THE COURT: How much education and background have you had?

 THE DEFENDANT: Very limited on education, very.

 THE COURT: Well, I'm going to insist that you talk to an attorney for a few minutes, and I'll handle it all today. I'm not stopping that.

 Why don't you sit back up there and we'll go ahead with it in a few minutes after you've had a chance to talk to an attorney.

 (The matter then recessed.)

 THE COURT: I'll again take up case No. 16455. The record will note that I gave Mr. Smith an opportunity to discuss his decision with Mr. Cahill, a member of the public defenders' office for many years.

 Now, Mr. Smith, have you talked this over with Mr. Cahill?

 THE DEFENDANT: Yes, Your Honor.

 THE COURT: Has he gone over with you carefully all these matters, to your comfort?

 THE DEFENDANT: Yes, he has.

 THE COURT: I might ask you, then, do you still, even though I advise against it, do you desire to go ahead without an attorney?

 THE DEFENDANT: Yes, Your Honor.

prosecutor had made an agreement with the public defender to drop the misdemeanor charges in exchange for a guilty plea to the grand theft charge. The prosecutor confirmed this.[2] The public defender then asked to be excused. The district court proceeded to question Smith regarding his knowledge of the rights he was giving up by pleading guilty. After receiving satisfactory answers, the court accepted Smith's guilty plea.

At the sentencing hearing one month later, Smith appeared representing himself. In response to the presentence investigation report, Smith asked the district court to take notice of the fact that he did not actually steal the truck from the true owner, he merely had possession of the truck after it was stolen. The prosecutor did not submit any additional evidence at the sentencing hearing but did recommend a five-year sentence with an eighteen-month minimum period of confinement.

The district court imposed a five-year sentence with a two-year minimum period of confinement, and retained jurisdiction for 120 days. Several weeks later, the court extended jurisdiction for an additional sixty days. After receiving a report which indicated that Smith would not be a good candidate for probation, the district court relinquished jurisdiction and remanded Smith to the custody of the Board of Correction.

During the time the district court retained jurisdiction, Smith requested that a public defender be appointed as his counsel. The district court appointed counsel from the Ada County Public Defender's office to represent Smith. Smith's newly-appointed attorney filed a Rule 35 motion to reduce Smith's sentence. The district

court denied the motion without a hearing. Smith's attorney then filed this appeal.

## II. WAIVER OF COUNSEL

Smith's first argument is that he did not knowingly and intelligently waive his right to counsel. Although Smith attempted to waive counsel at his arraignment, we conclude that Smith was, in fact, represented by counsel at the arraignment. The district court requested that a member of the public defender's office discuss Smith's case with him and represent him during plea negotiations. *Compare United States v. Kimmel*, 672 F.2d 720 (9th Cir.1982) (when accused and his lawyer join forces to manage and present a defense, there is still a need for waiver of counsel by defendant). In fact, the public defender was able to negotiate a plea agreement in which the prosecutor dismissed two of the three charges against Smith. As noted, Smith also was represented by appointed counsel later when the district court relinquished jurisdiction after sentencing Smith and when the court denied Smith's motion to modify his sentence. The question is thus limited to whether Smith's appearance without counsel during the plea taking and sentencing hearing warrants reversal of the judgment of conviction.

Smith's assertion that the district court failed to find that he knowingly and intelligently waived his sixth amendment right to counsel is made for the first time on appeal, for Smith never made this argument to the district court by a motion to change his plea or otherwise.

[I]ssues not raised in the trial court cannot later be raised on appeal, *State v. Mauro*, [121 Idaho 178, 824 P.2d 109 (1991)]; *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991), unless the alleged

---

**2.** The following discussion occurred on the record:

THE COURT: How do you want to plead to these charges in the Information.

THE DEFENDANT: I plead guilty on the grand theft, possession of stolen property. The prosecutor dropped the driving under the influence of alcohol and the driving without a license, Your Honor?

MR. HORTON (the prosecutor): I have indicated to Mr. Cahill the state would be dismiss-

ing those two charges in exchange for a plea of guilty to the grand theft charge.

THE COURT: Very well. So you are willing to accept this proposed plea negotiation that the attorney, or I mean the defendant, has personally brought up in this manner and apparently it's been a little bit through counsel?

MR. HORTON: Yes, Your Honor.

THE COURT: Very well. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

error would constitute 'fundamental error.' *State v. Mauro*, [*supra*]; *State v. White*, 97 Idaho 708, 551 P.2d 1344 (1976); *State v. Grob*, 107 Idaho 496, 690 P.2d 951 (Ct.App.1984). Fundamental error is error 'which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process.' *State v. Mauro*, [*supra*]; *State v. Morris*, 116 Idaho 834, 780 P.2d 156 (Ct.App.1989); *State v. Koch*, 115 Idaho 176, 765 P.2d 687 (Ct.App.1988).

*State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992).

■ Since *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), it has been the rule that "an otherwise valid conviction should not be set aside if the 'reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986). This type of analysis has been applied even in sixth amendment deprivation of counsel cases. *See, e.g., Satterwhite v. Texas*, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) (applying harmless error analysis, but holding that deprivation of counsel during a psychiatric examination later used as evidence during death penalty sentencing proceeding was fundamental error). Some constitutional errors require reversal without regard to the evidence in a particular case because they are so fundamental that they necessarily render a trial fundamentally unfair. *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 3105, 92 L.Ed.2d 460 (1986). Examples of these kinds of error include the complete denial of the right to counsel, adjudication by a biased judge, and directing a verdict for the prosecution in a criminal trial by jury. *Sheppard v. Rees*, 909 F.2d 1234, 1237 (9th Cir.1989); *Coleman v. McCormick*, 874 F.2d 1280, 1289 (9th Cir. 1989), *cert. denied*, 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989) (listing additional examples). *Compare Lavy*, 121 Idaho at 844, 828 P.2d at 873 (citing cases holding that trial court's failure to specifically advise a defendant of his right against self-incrimination reveals that such an omission can constitute harmless error).

■ To determine whether any error was committed in connection with Smith's waiver of counsel, we have examined the record and find that despite the district court's careful examination of Smith, in accordance with I.C. § 19–857, the district court failed to advise Smith that he had the right to court-appointed counsel to represent him at the trial. *Compare United States v. Saft*, 558 F.2d 1073, 1081 (2d Cir.1977) (failure to advise of right to assistance of counsel not violative of Fed. R.Crim.P. 11(c)(3) where defendant was already represented by counsel). Although this error implicated the fundamental constitutional right of court-appointed counsel, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it is not the type of error which is immune from harmless error analysis. Under *Satterwhite*, a case involving alleged deprivation of counsel during a capital sentencing phase, we believe that as a reviewing court we can make an "intelligent judgment" about whether the ineffective waiver of counsel due to the lack of proper advisement was harmless beyond a reasonable doubt. *Satterwhite*, 486 U.S. at 258, 108 S.Ct. at 1798.

As noted above, Smith was not represented by counsel at the time his guilty plea was taken and at sentencing. Smith points us to no defect in the taking of the plea and our own review of the record reveals none. Accordingly, we conclude that the deprivation of counsel at the time of the taking of the plea was harmless beyond a reasonable doubt.

Smith represented himself at the sentencing hearing. The presentence investigation report indicated that Smith had a prior criminal record and that he had a serious drug abuse problem. When the district court questioned Smith regarding the accuracy of the presentence investigation report, Smith's comment was that he wanted the district court to consider that he did not actually steal the car from its owner, but had only acquired physical possession of it knowing that it was stolen.

The district court noted Smith's correction and proceeded to sentencing.

Because on this appeal Smith also challenges the reasonableness of the sentence, we have conducted an independent review of the record on sentencing. Our review leads us to conclude that the sentence was reasonable. In addition, counsel was later appointed and represented Smith on his I.C.R. 35 motion to reduce the sentence. The district court denied the motion, thus indicating that even upon reconsideration of the sentence the district court believed that the sentence as originally imposed was appropriate and reasonable. This outcome of the Rule 35 motion is an additional indication that no different sentence would have been imposed even if Smith had been represented by counsel at the sentencing hearing. Consequently, we hold that the lack of counsel at the sentencing hearing was harmless error. *See, e.g., State v. Wuthrich,* 112 Idaho 360, 365, 732 P.2d 329, 334 (Ct.App.1986).

### III. SENTENCING ISSUE

We turn next to the question whether the district court abused its discretion when sentencing Smith. The maximum sentence for grand theft by possession of stolen property is fourteen years imprisonment and a $5,000 fine. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If, as in the present case, the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 144–45, 814 P.2d 401, 401–05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,*

103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period of confinement specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Because Smith's minimum period of confinement is two years, we view his actual term of confinement as two years. Smith must establish that under any reasonable view of the facts a period of confinement of two years for the crime of grand theft by possession of stolen property was an abuse of discretion.

In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The presentence investigation report showed that Smith had three prior convictions for burglary. It also indicated that Smith had a six-year addiction to heroin and had a long-term problem with alcohol abuse. The report noted that, though Smith expressed a desire to receive treatment for his drug and alcohol problems, he had been "exposed to a series of treatment programs and other rehabilitative measures without success." Smith argues that the district court did not consider his substance abuse problem and the lack of any significant prior treatment of this problem. However, we find that the district court discussed these facts in its sentencing comments:

> Anyone that has a six-year addiction to heroin by injection and long-term alcohol abuse is a person to be pitied, and I pity you, not enough to allow you to go out here and bother my citizens around here because I will not do that. That's my job.
>
> You have been involved in the criminal justice system since clear back in 1983, and you have had three of these felonies marked in this matter back in Michigan. You had quite a bit of trouble.

It is evident from the district court's comments that it took into consideration Smith's potential for rehabilitation and weighed it against the need to protect society from Smith. The district court noted that a longer period of incarceration would actually give Smith a better chance of succeeding with his treatment. The court also took into consideration the damage that had been done to the stolen truck, the financial impact to the owner, and the inconvenience to the owner which resulted from the theft and the transportation of the truck to Idaho. We agree with the district court that society must be protected from Smith. The need to protect society is paramount when balancing sentencing objectives. Based on our review of the record, we conclude that the district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

## IV. RELINQUISHING JURISDICTION

 With regard to the district court's relinquishment of jurisdiction, we conclude that the court properly exercised its discretion in reaching its decision. The decision to relinquish jurisdiction is discretionary; the standard of review is whether the district court abused its discretion. *State v. Seiber*, 117 Idaho 637, 641, 791 P.2d 18, 22 (Ct.App.1989). In this case, the jurisdictional review committee's report ultimately recommended dropping jurisdiction over Smith based upon his negative attitude and the severity of his substance abuse problems. The committee concluded that Smith would have a difficult time complying with the terms of probation. Based upon the review committee's recommendation, the trial court's decision to relinquish jurisdiction of Smith was well-founded. We therefore hold that the district court did not abuse its discretion in relinquishing jurisdiction over Smith.

## V. RULE 35

 Finally, we address the denial of Smith's motion to reduce his sentence.

Smith timely filed a motion under I.C.R. 35 for reduction of his sentence in February 1990. Smith requested that the district court not rule on the motion until he produced supporting evidence. Smith did not file the supporting evidence until February 1991. When the additional documentation was filed, it included two substantive arguments: (1) that Smith had already served sixteen months of his sentence which is an adequate period of time to satisfy the state's concerns regarding punishment; and (2) that Smith had relied on the assurances of a fellow inmate in the Ada County Jail that if he waived his right to court-appointed counsel and pled guilty, he would receive a sentence of no more than six months in the county jail. The district court issued an order denying the motion without a hearing.

 The decision whether to reduce a sentence rests within the sound discretion of the trial court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Swan*, 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988). A Rule 35 motion is essentially a plea for leniency which may be granted if the sentence imposed was unduly severe. *See State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App. 1987).

 In determining whether the district court abused its discretion in denying a Rule 35 motion, this Court applies the same criteria used for reviewing the reasonableness of the original sentence. *State v. Clayton*, 112 Idaho 1110, 739 P.2d 409 (Ct.App.1987). The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright*, 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct.App.1988). If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *Forde*, 113 Idaho at 22, 740 P.2d at 64.

As noted above, Smith's sentence was reasonable when imposed. Smith did not

present any persuasive evidence in support of his Rule 35 motion. He argues that the denial of the Rule 35 motion was an abuse of discretion for the same reason he contends the original sentence was an abuse of discretion, *i.e.*, that the sentence was excessive in light of the goals of protection of society, deterrence, rehabilitation, and retribution. He also argues that he relied on the erroneous advice of a fellow inmate at the county jail. Neither of these arguments are compelling. We hold that the district court did not abuse its discretion in denying Smith's motion for reduction of his sentence.

The judgment of conviction, the sentence, the order relinquishing jurisdiction, and the order denying the Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.