862 P.2d 313

STATE of Idaho, Plaintiff–Respondent,

v.

Cecil James TUCKER, Defendant–
Appellant.

No. 20262.

Court of Appeals of Idaho.

Sept. 15, 1993.

Petition for Review Denied Nov. 29, 1993.

Brauner, Coffel & Young, P.A., William J. Brauner, Caldwell, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

Cecil James Tucker appeals from the sentence imposed following his conviction for driving under the influence of alcohol ("DUI"). The magistrate sentenced Tucker for a second DUI offense within five years pursuant to I.C. §§ 18–8004(1), 18–8005(4). The district court affirmed the magistrate's judgment. We also affirm the conviction and sentence without reaching the merits of Tucker's assignment of error, because Tucker did not properly preserve the issue for appeal.

The issue that Tucker asks us to address is whether a complaint that charges a DUI and alleges that the defendant had been convicted of another DUI within the preceding five years, but that does not specifically identify the time and place of the prior conviction or expressly allege that the prior conviction was valid, is so deficient that it cannot support a conviction and sentence (entered on a plea of guilty) for a second DUI offense within five years under I.C. §§ 18–8004 and 18–8005(4). Tucker contends that because the complaint was insufficient to allege a second offense DUI punishable under I.C. § 18–8005(4), he should have been sentenced only for a first offense DUI.

Tucker was initially charged with misdemeanor DUI by a uniform citation dated June 11, 1991. Subsequently, an amended complaint was filed which alleged in part:

That CECIL J. TUCKER ... did ... commit the crime(s) of Driving Under the Influence of Alcohol and/or Drugs (2nd Offense) Idaho Code 18–8004, 05; said crime being committed as follows, to-wit: That the defendant, CECIL J. TUCKER, on or about the 11TH day of JUNE, 1991, in the City of Boise, State of Idaho, did unlawfully drive or be in actual physical control of a motor vehicle, to-wit: 1978 LINCOLN MARK 5, at or about OVERLAND/OWYHEE, while under the influence of alcohol and/or drugs, and having pled guilty to or having been found guilty of a violation of I.C. § 18–8004 within the previous five years.

Tucker, who was represented by counsel throughout the proceedings, pled guilty on the amended complaint. The judgment entered by the magistrate specified that the charge for which Tucker was convicted was "DUI 18–8004 (2nd offense)." The magistrate sentenced Tucker to 180 days in the county jail with 150 days suspended, imposed a $2,000 fine with $1,000 suspended, placed Tucker on two year's probation, and ordered that his driver's license be suspended for 365 days. All aspects of the sentence were within the sentencing parameters for a second offense DUI, I.C. § 18–8005(4). The period of incarceration imposed was also within the maximum allowed for a first offense DUI, but both the amount of the fine and the period of suspension of Tucker's driver's license exceeded the maximum allowable for a first offense DUI. I.C. § 18–8005(1).

Later on the same day that the sentence was rendered, Tucker filed a notice of appeal to the district court, contending for the first time that he should have been convicted and sentenced for only a first offense DUI because the amended complaint did not allege with sufficient particularity Tucker's conviction of DUI within

the preceding five years. The district court affirmed. On appeal to this Court, Tucker maintains that the amended complaint was facially deficient to charge a second offense DUI because it did not state the date and location of the previous conviction and did not specifically allege that the prior conviction was valid (i.e., that Tucker was afforded all of his constitutional rights in the prior proceeding).[1] Tucker does not seek to have his guilty plea or conviction set aside, but only to have his sentence reduced to a sentence for a first offense DUI.

■ We must make a threshold determination as to whether we can properly address the merits of Tucker's argument inasmuch as he raises the issue for the first time on appeal, having never questioned the adequacy of the pleading before the magistrate. Issues that were not raised before the trial court ordinarily will not be considered on appellate review. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). Tucker's presentation of the issue on appeal to the district court does not preserve it for appeal to this Court. When the district court considers an appeal from a magistrate as an appellate proceeding rather than granting a trial de novo, the district judge acts as an appellate court. I.C.R. 54.2. Therefore, we will not consider assignments of error that were presented to the district court on appeal unless we would have considered those issues if the initial appeal were to this court. *See State v. Kenner*, 121 Idaho 594, 596–597, 826 P.2d 1306, 1308–1309 (1992).

Tucker argues that the alleged deficiency in the complaint rises to the level of fundamental error which this Court may address for the first time on appeal. He relies upon *State v. White*, 97 Idaho 708, 714 n. 8, 551 P.2d 1344, 1350 n. 8 (1976), which holds that a court will review fundamental error on appeal in a criminal proceeding even if no objection was interposed before the trial court.

1. Tucker has never asserted before the magistrate, the district court, or this Court, that the previous DUI conviction was invalid or was

obtained in derogation of Tucker's constitutional rights.

■ Fundamental error means an "error which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *State v. Lavy, supra; State v. Morris,* 116 Idaho 834, 836, 780 P.2d 156, 158 (Ct.App.1989). Therefore, to decide whether Tucker alleges fundamental error, we must ascertain whether the nature of the error that he asserts—imposition of a judgment of conviction and sentence for a second offence DUI based upon a complaint that alleges a prior DUI conviction of the defendant within the past five years, but does not allege the time, place and validity of the prior conviction—is such that it "produces manifest injustice and deprives the accused of his constitutional right of due process."

■ We conclude that Tucker's allegation that the complaint was defective, in the circumstances presented here, is not a claim of fundamental error. We acknowledge that the failure of a complaint or an information to charge a crime at all is a fundamental defect which can be raised for the first time on appeal. *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App.1991). *See also* I.C.R. 12(b)(2). However, Tucker does not contend that the complaint entirely fails to allege an offense, but only that it does not allege a second offense DUI charge with sufficient specificity. Indeed, Tucker acknowledges that the complaint does allege a DUI violation, but maintains his conviction and sentence should be for only a first offense rather than a second offense DUI. Even accepting, *arguendo,* Tucker's proposition that the complaint should have been more specific regarding the prior offense, this alleged defect was not so misleading or unfair as to potentially cause manifest injustice or deprivation of due process. The complaint plainly put Tucker on notice that he was being charged with committing a second DUI within five years and that the state was alleging he had pled guilty or been found guilty of a DUI within the preceding five years. If Tucker had doubts about the nature of the charges or questioned what prior offense was being referenced in the complaint, he could have filed a motion challenging the sufficiency of the complaint under I.C.R. 12 or could have requested discovery under I.C.R. 16. If he did not understand the charge when he pled guilty, he could have moved to withdraw the plea pursuant to I.C.R. 33(c).

It is significant that Tucker argues only that the complaint falls short of technical pleading standards; he does not allege that the defect in the complaint in fact misled him, impaired his ability to prepare a defense, induced him to plead guilty while misunderstanding the nature of the charge or caused other actual prejudice. On the contrary, the record here establishes that when Tucker pled guilty he was aware that he was charged with, and would be sentenced for, a second-offense DUI. The record further shows that Tucker knew which particular prior DUI conviction was the predicate for the current charge. When Tucker's guilty plea was entered, the following exchange occurred:

> The Court: This is a second offense driving under the influence charge. Do you understand what the charge is?
>
> DEFENDANT TUCKER: Yes, Your Honor.
>
> THE COURT: Do you understand that if you plead guilty, there is a mandatory minimum of 10 days in jail, first 48 hours of that has to be consecutive and that can extend up to a year. There's a fine of up to $2,000, and there is a mandatory absolute driver's license suspension of one year?
>
> DEFENDANT TUCKER: Yes, Your Honor.
>
> THE COURT: Okay. How do you wish to plead to the charge?
>
> DEFENDANT TUCKER: Plead guilty, Your Honor.

Later in the same hearing, the magistrate, Tucker, Tucker's attorney, Mr. Brauner, and the prosecutor, Mr. Borger, discussed the prior DUI conviction:

> THE COURT: Have you been convicted of a DUI or plead guilty to a DUI within the last five years?

DEFENDANT TUCKER: I was in court (indiscernible) it will be over five years, now (indiscernible) for DUI.

MR. BRAUNER: I think, as a matter of fact, Your Honor, this happened in May of '86, so it was—it was within the time span because the plea wasn't entered until after May of '86, but it was, yes.

THE COURT: And what's the date of the plea?

MR. BORGER: Date of conviction is March 3rd of '87.

THE COURT: Okay. That is within the five-year period of time. Is this plea made with your consent, Mr. Brauner?

MR. BRAUNER: Yes, sir.

THE COURT: Do you believe that there is a factual basis for the entry of the plea?

MR. BRAUNER: I believe so, sir.

During the sentencing hearing on March 19, 1992, there was further explanation that Tucker was being sentenced for a second offense DUI. Tucker made no objection that his guilty plea had been entered under the belief that he was charged with a first offense DUI. Lastly, on appeal to the district court the following exchange occurred between the district court and Tucker's attorney:

THE COURT: He knew he was charged with a second offense; right?

MR. YOUNG: Correct.

Hence, Tucker admits that he was not misled by the complaint's lack of specificity.

Tucker's delay in challenging the complaint suggests a tactical decision to withhold any question of the complaint's sufficiency until after he had pled and been adjudged guilty, because once a conviction was entered, the double jeopardy prohibition of the Fifth Amendment to the U.S. Constitution and Article I, § 13 of the Idaho Constitution would presumably prevent the state from then amending the complaint. Tucker appears to have purposefully avoided objecting to the complaint at a point in the proceedings when the state would still have an opportunity to correct the perceived deficiencies by amendment.

Whether Tucker's failure to question the complaint's sufficiency in the magistrate division was a matter of conscious legal strategy or merely an oversight, it does not create a foundation to challenge the complaint initially on appeal. Tucker has not met the threshold requirement of alleging an error that results in manifest injustice or deprivation of due process. Even if the complaint was deficient as Tucker claims, the deficiency does not rise to the level of fundamental error and, therefore, may not be asserted initially on appeal. Accordingly, we decline to decide whether the complaint was defective.

We should not be understood to hold that a defect in a criminal complaint can never be fundamental error. We hold only that where the pleading gave at least general, though imprecise, notice of the charge, the defendant did nothing to seek clarification of the charge in the trial court, and the defendant does not contend that he or she was actually misled or prejudiced by the generality of the pleading, a claim of a technical insufficiency of the complaint is not a claim of fundamental error which may be first introduced on appeal following a guilty plea.

We also do not imply any endorsement of the form of the complaint used to charge Tucker. Any determination as to the sufficiency of such a pleading will have to await a case where the issue has been properly preserved below and properly presented on appeal.

Judgment of conviction for second offense DUI is affirmed.

WALTERS, C.J., and PERRY, J., concur.