887 P.2d 1082

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Socorro J. MENDIOLA, Defendant–Appellant.**

No. 21124.

Court of Appeals of Idaho.

Dec. 2, 1994.

Petition for Review Denied Jan. 26, 1995.

Douglas R. Whipple, Minidoka County Public Defender, Kent D. Jensen (argued), Deputy Public Defender, Burley, for appellant.

Larry EchoHawk, Atty. Gen., Michael J. Kane (argued), Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, appellant Socorro Mendiola was found guilty of the felony charge of leaving the scene of an accident resulting in injury, I.C. § 18–8007. The evidence at trial revealed that during the late evening on September 5, 1993, two boys were riding their bicycles on a state highway between the municipalities of Rupert and Paul in Minidoka County. Suddenly, an on-coming car swerved across the highway into the opposite lane of traffic and hit one of the boys, Gordon Lynes. The car then sped off into the night without stopping.

The next morning, police received a report of an abandoned vehicle one-half mile north of the city of Paul. The car, a 1980 Mercury Zephyr, was found nose down at the edge of a canal. The license plates had been removed, and registration documents and proof of insurance papers were missing. There were dents and scrapes on the hood of the vehicle and the car had a broken windshield with the breakage going inward toward the driver's seat. Hair and blood were found trapped in the broken windshield. The blood was later tested and found to be human blood although the sample tested was insufficient to determine the person's blood type. The hair exhibited characteristics similar to that of the victim, Lynes. Behind the back seat of the vehicle, police found an envelope-receipt from Quality One Photo which contained Mendiola's name, address and phone number. In addition, police ran a Vehicle Identification Number (VIN) check on the vehicle and discovered that it was registered in Mendiola's name. A set of footprints found around the car were similar to footprints later observed at Mendiola's home.

On September 9, 1993, police officers arrested Mendiola and read him his *Miranda* rights in English. While Mendiola was seated in the patrol vehicle, Minidoka County Sheriff Fries asked him where the boots were that he wore on the day he had the accident. Mendiola then led Fries and another officer to his residence at his employer's farm, where the officer retrieved the boots. At trial, counsel for Mendiola objected to the sheriff's testimony relating to the location of the boots on two grounds—hearsay, and lack of prior notice. The court overruled the objection. Mendiola did not object to introduction of the boots as physical items of evidence.

On appeal, Mendiola argues that there was insufficient evidence to support the guilty verdict against him. He further argues that his statements to the sheriff regarding the location of the boots should have been suppressed as he was given his *Miranda* warnings in English, which he did not understand.

## II.

### ANALYSIS

■ Mendiola first argues that there was insufficient evidence to support the jury's verdict. Specifically, he asserts that there was not substantial evidence identifying Mendiola as the driver of the car involved in the accident. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be set aside when there is substantial evidence upon which any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Clay,* 112 Idaho 261, 263, 731 P.2d 804, 806 (Ct.App.1987). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of the witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell,* 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App. 1983).

▮ Our review of the record indicates that substantial evidence supported the jury's finding that Mendiola was the driver of the vehicle which struck Lynes. As stated, trapped in the broken windshield of the Mercury Zephyr located by police the day after the accident was hair resembling the victim's and human blood. Both the VIN and the receipt found in the back seat of the Zephyr connected the car to Mendiola. At trial, Mendiola's employer identified Mendiola's car from a photo and testified that he had seen Mendiola driving the car. Nobody ever reported that the Mercury Zephyr had been stolen. Boot prints found around the vehicle exhibited the same tread design as prints found at the location where Mendiola was living. Moreover, Mendiola's boots were retrieved from his home. Lab tests conducted on these boots were inconclusive but showed that Mendiola's boots could have made the impressions at the accident scene. The foregoing evidence was sufficient for the jury to find Mendiola guilty beyond a reasonable doubt.

Mendiola also contends that his statement to Sheriff Fries that the boots he wore on the day of the accident were at his home was obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At the time Mendiola told Fries where his boots were, Mendiola had been Mirandized in English by Officer Kindig. Mendiola argues that because the *Miranda* warnings were given in English, which, according to Officer Kindig's testimony, Mendiola likely did not understand, his statement regarding the location of the boots was obtained in violation of *Miranda.* He concedes,

however, that the statement made to the sheriff was not coerced. Although at trial Mendiola objected to Fries's testimony based on hearsay and timeliness of disclosure to the defense, he did not raise *Miranda* issues with regard to this particular statement in the trial court.

▮ It is well established that issues not raised in the trial court cannot later be raised on appeal. *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). However, where a fundamental error has been committed in a criminal trial, this Court may consider the alleged error even though no objection was made before the trial court. *State v. Morris,* 116 Idaho 834, 836, 780 P.2d 156, 158 (Ct.App.1989). Our Supreme Court recently pointed out that:

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's right or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law.

*State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1993), *quoting State v. Bingham,* 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). Applying this observation to the facts in the present case, we conclude that the introduction of the uncoerced statement made by Mendiola to the sheriff did not constitute fundamental error. Accordingly, we hold that Mendiola is precluded from raising the *Miranda* objection for the first time on appeal.

### III.

### CONCLUSION

Substantial evidence existed for the jury to find beyond a reasonable doubt that Mendiola was the driver of the car which struck Lynes; therefore, the jury's verdict will not be disturbed. Additionally, we do not consider Mendiola's *Miranda* argument because he has not properly preserved the issue for

appeal. Based on the foregoing, the judgment of conviction is affirmed.

LANSING and PERRY, JJ., concur.